FRANK BRUNO *vs.* CHIEF ADMINISTRATIVE JUSTICE OF THE
TRIAL COURT.

Suffolk.  February 8, 1980. — March 10, 1980.

Present: HENNESSEY, C.J., QUIRICO, BRAUCHER, KAPLAN, & LIACOS, JJ.

*Court Reorganization Act,* Court officers, Chief Administrative Justice.
*Trial Court,* Chief Administrative Justice, Court officers.

Court officers appointed to attend upon the Superior Court Department
for Suffolk County are subject to assignment under G. L. c. 211B, § 9,
to the same extent as other nonjudicial personnel and the authority of
the Chief Administrative Justice of the Trial Court under § 9 is not
limited by G. L. c. 221, § 72. [129-131]

CIVIL ACTION commenced in the Superior Court Depart-
ment on November 9, 1979.

The case was heard by *Brogna,* J., and subsequently
transferred to the Supreme Judicial Court for the county of
Suffolk by *Quirico,* J.

*Paul T. Edgar* for the defendant.

*Frank L. Bruno,* pro se.

BRAUCHER, J.  We are asked to determine the extent of the
authority of the Chief Administrative Justice of the Trial
Court (defendant) to make assignments, pursuant to G. L.
c. 211B, § 9, inserted by St. 1978, c. 478, § 110 (the Court
Reorganization Act), of court officers appointed to attend
upon the Superior Court Department for Suffolk County.
We hold that such court officers are subject to assignment
under § 9 to the same extent as other nonjudicial personnel
and that the defendant's authority under § 9 is not limited
by G. L. c. 221, § 72, as amended by § 252 of the Court Re-
organization Act.  Judgment is to be entered so declaring.

The plaintiff is a court officer duly appointed to attend
upon the Superior Court Department for Suffolk County,

pursuant to G. L. c. 221, § 70, most recently amended by § 252 of the Court Reorganization Act. In November, 1979, he was temporarily assigned by the defendant to duty in the Boston Municipal Court Department, with the approval of the Administrative Justice of the Superior Court Department. The plaintiff sought injunctive relief, and the case was submitted to a judge of the Superior Court on a statement of agreed facts and a supplemental statement of agreed facts. The issue originally framed was whether the assignment was permitted by G. L. c. 211B, § 9, or whether it was invalid by reason of G. L. c. 150E, § 3 (the collective bargaining law), as amended by § 76 of the Court Reorganization Act. The judge, however, ruled that such assignments are invalid under G. L. c. 221, § 72, and did not rule on the effect of the collective bargaining law. Judgment was entered on January 4, 1980, as follows: "The Chief Administrative Justice may transfer court officers of the Superior Court Department of Suffolk County only to duty in the Supreme Judicial Court and the Appeals Court sitting in Suffolk County." A single justice of this court stayed the judgment pending the defendant's appeal, transferred the case to the Supreme Judicial Court for Suffolk County, and ordered acceleration of the appeal to the full court. We reverse the judgment appealed from, and direct the entry of a new judgment.

A major feature of the Court Reorganization Act, in order "to promote the orderly and effective administration of the judicial system of the commonwealth," was "an administrative consolidation of the several courts of trial jurisdiction, so as to encourage a broader availability of personnel and other resources for the hearing of all causes on an equitable basis by the several justices of the trial court, so-called." St. 1978, c. 478, § 1. To that end § 110 inserted a new G. L. c. 211B, creating a "trial court of the commonwealth," of which the Chief Administrative Justice is the "administrative head." G. L. c. 211B, §§ 1, 9. What were previously separate trial courts became "departments" and "divisions" of departments. General Laws c. 211B, § 9,

provides for the assignment of a justice in one department to sit in any other department. Vital to the scheme is the further provision of § 9 for the assignment of nonjudicial personnel among the various departments, divisions or places for holding court.[1] If transfers of judges are to accomplish their purpose, it seems obvious that essential supporting personnel must be made available.

Before the Court Reorganization Act, there was no such general provision for assignment of nonjudicial personnel. Under G. L. c. 221, § 70, both before and after amendment by § 252 of the Court Reorganization Act, court officers appointed to attend upon the Superior Court in certain counties other than Suffolk County are also to attend sessions of the Supreme Judicial Court, the Appeals Court, the Probate Court, or the Land Court, as required. General Laws c. 221, § 72, as appearing in St. 1972, c. 740, § 10, provided for the tenure of officers "appointed as court officers to attend upon the sessions of the supreme judicial, appeals or superior court in any county." See *McCarthy* v. *Sheriff of Suffolk County,* 366 Mass. 779, 780 (1975). The section then made a special provision for Suffolk County, where most of the sittings of the two appellate courts are held: "In Suffolk county officers in attendance upon the supreme judicial court or upon the superior court may be interchanged or transferred from any of *said courts* to another by the sher-

---

[1] In pertinent part: "The chief administrative justice may assign any non-judicial personnel among the various departments, divisions or places for holding court, subject, in every case and where appropriate, to the approval of the administrative justice in the case of the superior court department, the Boston municipal court department, and the land court department, the first justice of a division, the clerk of courts, in Suffolk county the clerk for criminal business or the clerk for civil business, or a register of probate out of whose department, division, place, office or registry, as the case may be, such person would be assigned, and in no event shall any such transfer be more than a reasonable distance from the place where such personnel is appointed, assigned or employed. No person holding a commission as a clerk of court, a register of probate or a recorder shall be assigned under the provisions of this paragraph outside of the department or division to which he is appointed or elected without his consent."

iff, with the approval in each instance, of the chief justice of the court to which the transfer is proposed to be made" (emphasis supplied). We read the italicized words "said courts" to refer to the Supreme Judicial Court, Appeals Court and Superior Court, mentioned earlier in the section. So read, the provision relates only to transfers among the Superior Court and the two appellate courts, and has nothing to do with transfers from one trial court to another.

By § 252 of the Court Reorganization Act, the Suffolk County provision of G. L. c. 221, § 72, was amended as follows: "In Suffolk county, officers in attendance upon the supreme judicial court or upon the superior court may be interchanged or transferred from any of said courts to another by the [sheriff] *chief administrative justice,* with the approval in each instance, of the chief justice *or the administrative justice* of the court to which the transfer is proposed to be made." Matter in [brackets] is old matter deleted; matter in *italics* is new matter inserted. Thus the changes merely substitute the Chief Administrative Justice for the sheriff and conform terminology to the concept of a unified trial court. The sentence still has no bearing on assignments from the Superior Court to other departments or divisions of the trial court. It therefore does not limit the authority for such assignments contained in G. L. c. 211B, § 9.

The plaintiff has not made to us any argument based on the collective bargaining law, and we treat any such argument as waived. General Laws c. 150E, § 7, gives collective bargaining agreements precedence over certain enumerated statutes. General Laws c. 221, § 72, and G. L. c. 211B, § 8, are among those listed, but G. L. c. 221B, § 9, is not. See *Berkshire Hills Regional School Dist. Comm.* v. *Berkshire Hills Educ. Ass'n,* 375 Mass. 522, 527-528 (1978).

The plaintiff argues that his transfer denies him equal protection of the laws and violates the Equal Pay Act of 1963, 29 U.S.C. § 206(d) (1976). The record does not disclose that those contentions were presented to the Superior Court judge, and provides no factual predicate for them.

The plaintiff's bare assertion that court officers are paid differing salaries in different divisions of the trial court presents no question of law. We think we should not rule on those contentions.

The judgment is reversed. The case is remanded to the county court. The single justice is to order a new judgment declaring that court officers of the Superior Court Department for Suffolk County are subject to assignment under G. L. c. 211B, § 9, to the same extent as other nonjudicial personnel and that the authority of the Chief Administrative Justice under G. L. c. 211B, § 9, is not limited by G. L. c. 221, § 72.

*So ordered.*