SCHOOL COMMITTEE OF MARSHFIELD vs. MARSHFIELD TEACHERS ASSOCIATION. May 1, 1981. Judith Girard, a teacher employed by the School Committee of Marshfield (committee), sustained an injury in the course of her employment and was temporarily disabled. The committee refused to pay her "full salary . . . less the amount of any workmen's compensation award" pursuant to a collective bargaining agreement then in effect between the committee and the Marshfield Teachers Association (association). The association invoked the arbitration provision of the collective bargaining agreement on behalf of Girard and other aggrieved professional employees. The arbitrator upheld the grievance and awarded Girard the withheld payments. Upon the committee's application pursuant to G. L. c. 150C, § 11 (a) (3), the Superior Court vacated the award. We affirm the judgment of the Superior Court.

Payments of salary in excess of workmen's compensation benefits, as provided by the collective bargaining agreement and the arbitration award are expressly prohibited by G. L. c. 152, § 69. We are unpersuaded by the association's argument on policy grounds that the disputed terms of the collective bargaining agreement are not inconsistent with the statutory prohibition. If the Legislature intended to except parties from the clear prohibition of G. L. c. 152, § 69, it has demonstrated that it will do so expressly. See e.g., St. 1970, c. 800, entitling certain employees of Boston and Suffolk County to payments in excess of workmen's compensation benefits "[n]otwithstanding the provisions of [G. L. c. 152, § 69]."

General Laws c. 152, § 69, is not among the statutes listed in G. L. c. 150E, § 7; therefore the terms of the statute must prevail over conflicting terms of the collective bargaining agreement. See *Bruno* v. *Chief Administrative Justice of the Trial Court*, 380 Mass. 128, 131 (1980); *Berkshire Hills Regional School Dist. Comm.* v. *Berkshire Hills Educ. Ass'n*, 375 Mass. 522, 527-528 (1978). The arbitrator's award therefore exceeded his powers and was properly vacated. See *School Comm. of Hanover* v. *Curry*, 369 Mass. 683, 685 (1976); G. L. c. 150C, § 11 (*a*) (3).

*Judgment affirmed.*

*Jeffrey M. Freedman* for the defendant.
*Robert W. Garrett* for the plaintiff.