COMMISSIONER OF ADMINISTRATION *vs.* LOCAL 509, SERVICE EMPLOYEES INTERNATIONAL UNION, AFL-CIO. April 12, 1983. Under the terms of a collective bargaining agreement binding the Commonwealth (acting through the Commissioner of Administration) and the defendant union, the agreed wage scales distinguished between "full time employees hired prior to July 1, 1977" and those hired on or after that date, the former class having more favorable terms of employment. The Commissioner, over objection by the union, paid one Karen M. Buckley at the lower rates during a period to be mentioned in our statement below. The dispute was submitted to arbitration under the collective agreement, and the arbitrator, after taking testimony, held for the union in a reasoned opinion which assigned Buckley to the favored class. Upon cross-applications, by the Commissioner to vacate, and by the union to confirm the arbitrator's award, a judge of the Superior Court held for the union, and this appeal followed.

Beginning on January 5, 1976, Buckley worked as a senior social worker at the Fernald School, a State facility. In an interview with the assistant superintendent of the school before she went on the job, Buckley was told, in effect, that because of a hiring freeze she could not be hired or paid as a regular employee whose compensation would come out of an account coded under 01 or 02 in the expenditure manual; rather she would be hired and paid as a consultant, with payment from an 03 account. Accordingly she was hired and paid as a consultant, but she worked alongside senior social workers carried in an 01 or 02 account, doing the same work and being supervised in the same way; she received higher dollar wages than did those other comparable workers in order to adjust for the fact that she was not receiving the various fringe benefits owing to the others.

A vacancy occurred among the regular employees, and Buckley on September 11, 1977, was given the formal status of an employee by being transferred to an 02 account. Her work remained the same. The question then arose whether, for the period following September 11, 1977, Buckley was to be regarded, for purposes of the collective agreement, as

an employee hired prior to July 1, 1977, with the advantages that that interpretation would confer. This was the nub of the union's demand for arbitration as well as of the issue stipulated by the parties for determination by the arbitrator.

The Commissioner applied to vacate the award pursuant to G. L. c. 150C, § 11(a)(3), inserted by St. 1959, c. 546, § 1 (made applicable by c. 150E, § 8), as "requiring a person to commit an act or engage in conduct prohibited by state . . . law," that is, G. L. c. 29, § 29A, as appearing in St. 1973, c. 1230, § 8, in particular the following provision: "As used in this section the word 'consultant' shall mean any person who, as a nonemployee of the commonwealth, gives advice or service regarding matters in the field of his knowledge or training and whose compensation is payable from a subsidiary account coded under '03' in the expenditure code manual." The present award was not repugnant to the statute, and there was no resemblance here to cases where arbitral awards could be overturned because of such conflicts. See *School Comm. of Marshfield* v. *Marshfield Teachers Assn.*, 383 Mass. 881 (1981), and cases cited. Buckley was not declared to have been other than a consultant on the 03 account before September 11, 1977, nor was she given any retroactive change of compensation as a consultant. The arbitrator was called on to decide where Buckley fit on the wage scale from September 11, 1977, onward, and this was a matter of construing the collective agreement, not interpreting or otherwise confronting the statute. In construing the agreement the arbitrator might plausibly find, as his opinion indicated, that from the time of her initial hiring on January 5, 1976, Buckley was an employee in the practical sense, although not in the technical sense of the coded accounts. Alternatively, it might be thought enough that Buckley became an employee on September 11, 1977, and was hired, even as a consultant, before July 1, 1977. On either view, the agreement would entitle her to the higher compensation.[1] If, as we think, the award did not contradict the statute, it was entitled to confirmation although it might be erroneous as to law or fact (which we have no occasion to consider). See *School Comm. of W. Springfield* v. *Korbut*, 373 Mass. 788, 792-793 (1977); *Chief Administrative Justice of the Trial Court* v. *Service Employees Intl. Union*, 383 Mass. 791, 794 (1981).

There was no merit in the argument that the particular wording of the arbitration clause should have constrained the arbitrator to a different conclusion. Cf. *Cape Cod Gas Co.* v. *United Steelworkers, Local 13507*, 3 Mass. App. Ct. 258, 261-262 (1975). The arbitrator did not by his award implicitly enlarge the "recognition" clause of the collective agreement to embrace consultants, as the Commissioner contended. Nor did

---

[1] The award gave Buckley the higher salary only from a date 21 days before the filing of her grievance on July 25, 1978.

he in this or any other respect violate the further command of G. L. c. 150C, § 11(a)(3), not to exceed his power as fixed by the submission.

*Judgment affirmed.*

*Peter T. Lyons* for the plaintiff.
*Elizabeth K. Boyer* for the defendant.