CITY OF EVERETT *vs*. TEAMSTERS, LOCAL 380.

Middlesex.   November 18, 1983. — May 21, 1984.

Present: ARMSTRONG, CUTTER, & SMITH, JJ.

*Labor*, Collective bargaining, Civil service. *Arbitration*, Authority of arbitrator. *Civil Service*, Collective bargaining.

An arbitrator appointed pursuant to a collective bargaining agreement between a city and an employees' union exceeded his authority by ordering the city to fill a vacant civil service position in accordance with the requirements of the collective bargaining agreement, which conflicted with the procedures required by the civil service law. [139-140]

CIVIL ACTION commenced in the Superior Court Department on May 20, 1982.

The case was heard by *Dolan*, J.

*M. Robert Dushman* (*Warren D. Hutchison* with him) for the plaintiff.

*E. David Wanger* for the defendant.

SMITH, J. This is an appeal by the city of Everett from a judgment entered in the Superior Court confirming an arbitration award. The dispute concerned the city's assignment of William Pippy, rather than Lawrence Kelliher, to the vacant position of laborer in the city's park department. After the assignment the Teamsters, Local 380, acting pursuant to the collective bargaining agreement, filed a grievance against the city which resulted in arbitration of the matter. The issues submitted by the parties to the arbitrator were two-fold: (1) whether the city had violated the collective bargaining agreement by failing to recall Kelliher, and (2) if so, what the appropriate remedy should be. We summarize the facts as discussed in the arbitrator's decision.

The union and the city are parties to a collective bargaining agreement wherein the city recognizes the union as the sole and

exclusive bargaining agent for the city workers, permanent and provisional, employed in certain specific departments. Kelliher was hired by the city on August 5, 1974. He was a provisional employee and worked as a water meter reader and inspector in the water division of the department of public works. He was so employed from September 17, 1974, until his layoff on June 30, 1981. Employees of that department are members of the bargaining unit. Pippy became a permanent civil service employee in the department of weights and measures on October 9, 1961. Employees of that department are not members of the bargaining unit. Pippy learned, on or about October 9, 1981, that he would be laid off because of cuts made necessary by Proposition 2½ (St. 1980, c. 580). At that time, a position of laborer was open in the park department, a position covered by civil service.[1] He applied for a transfer to that position. Both Pippy and Kelliher were qualified to fill the position. Pippy's transfer was quickly approved by the chairman of the park department, by the mayor, and by "civil service," and he began working as a laborer on October 14, 1981.

The arbitrator ruled that the city's failure to recall Kelliher to the vacant position was a violation of the collective bargaining agreement; that Kelliher should be recalled forthwith; and that he should receive back pay and benefits from the date that Pippy was assigned to the position. In so holding, the arbitrator rejected the city's position that civil service rules and regulations governed the procedure as to recall of laid off employees. He ruled that the collective bargaining agreement, § 5 of art. XVII in particular, governed the situation.[2] The city filed a

---

[1] That the vacant laborer position was covered by civil service was not specifically addressed by the arbitrator but is readily apparent from the briefs and arguments of both parties.

[2] Article XVII in its entirety reads as follows:

"*Section 1.* Seniority for purposes of layoff and promotion shall mean length of service within the particular department in which the employee is employed.

"*Section 2.* Where promotions or layoffs are governed by Civil Service, the City will follow Civil Service rules and regulations.

"*Section 3.* Where promotions are not governed by Civil Service, the City will follow department seniority in filling vacancies in a department, provided there are applicants within the department who are qualified to fill the vacancy.

complaint in the Superior Court and moved to have the arbitrator's award vacated, and the union filed a motion to have the award confirmed. The judge denied the city's motion and confirmed the arbitrator's award. The city has appealed. We reverse the judgment of the Superior Court.

In art. IX, § 4, of the collective bargaining agreement the parties agreed that "[t]he decision of the arbitrator within the scope of his authority shall be final and binding upon [them]." Thus, the scope of our review is extremely narrow, as the arbitrator's interpretation of the contract is binding and his decision will stand even if he committed an error of law or fact in arriving at his conclusion. *Greene* v. *Mari & Sons Flooring Co.,* 362 Mass. 560, 562-563 (1972). The question whether the arbitrator acted in excess of his authority, however, as claimed by the city, is always open for judicial review. *School Comm. of West Springfield* v. *Korbut*, 373 Mass. 788, 791-792 (1977).

The city contends that the arbitrator acted in excess of his authority and that the award must be vacated because it requires the city "to commit an act or engage in conduct prohibited by state . . . law." G. L. c. 150C, § 11(*a*)(3), inserted by St. 1959, c. 546, § 1. We agree.

By law, once a provisional employee is laid off, the provisional appointment ends. G. L. c. 31, § 14, inserted by St. 1978, c. 393, § 11. ("A provisional appointment shall be terminated if there is a change in the nature of the employment or in the salary of the person who has been provisionally appointed"). Therefore, any standing that Kelliher might have had under civil service as a provisional employee ended when he was laid off from his job. As a laid-off employee, he had certain rights to recall under the collective bargaining agree-

"*Section 4.* In making layoffs from a department, seniority ranking in the department shall be followed with the less senior laid off before the more senior. An employee laid off from one department may displace the least senior employee in the bargaining unit whose work he is qualified to perform.

"*Section 5.* Recall shall be in the reverse order of layoff. An employee to be retained or recalled for a job other than his own must be qualified to perform the work."

ment. But the provisions of the agreement cannot conflict with the civil service laws. *National Assn. of Govt. Employees* v. *Labor Relations Commn.,* 17 Mass. App. Ct. 542, 544-545 (1984).[3] Therefore, whenever a vacancy occurs in a position covered by civil service, the procedures that are outlined in the civil service law for filling the position must be followed, rather than similar but contrary provisions contained in the labor agreement. The vacant position which the arbitrator ordered to be filled by Kelliher was covered by civil service. Whether the vacancy fell into the "official service" category or the "labor service" category is not important to our decision[4] because, in either event, the award by the arbitrator forces the city to violate the procedures outlined in G. L. c. 31 in regard to the appointment of qualified individuals to civil service vacancies. To hold otherwise would permit the civil service laws to be circumvented by the parties to a labor agreement, a course that the Legislature has not adopted. See G. L. c. 150E, § 7(*d*). Because of our decision we do not consider the other objections to the award that the city has briefed and argued. The judgment is reversed and a new judgment is to enter vacating the award.

*So ordered.*

---

[3] Under the provisions of G. L. c. 150E, § 7(*d*), if there is a conflict between a collective bargaining agreement and certain specified statutes enumerated within § 7(*d*), the terms of the collective bargaining agreement prevail. *Bruno* v. *Chief Administrative Justice of the Trial Court,* 380 Mass. 128, 131 (1980). The civil service law (G. L. c. 31), however, is not listed in § 7(*d*); therefore the civil service law cannot be superseded by the collective bargaining agreement. *National Assn. of Govt. Employees* v. *Labor Relations Commn.,* 17 Mass. App. Ct. at 544-545.

[4] Civil service jobs are divided into two categories, official service and labor service. See Randall & Franklin, Municipal Law §§ 353-355 (1982). The categories are based on the systems used to select job applicants. Openings in the so called "official service" are filled on the basis of a competitive examination process. See G. L. c. 31, §§ 1, 6, inserted by St. 1978, c. 393, § 11. In some circumstances, "provisional appointments" can be made to official service positions pending the selection of permanent employees through the examination system. *See* G. L. c. 31, §§ 12-14, inserted by St. 1978, c. 393, § 11. So called "labor service" positions are those jobs for which applicants do not have to take a competitive examination and appointments are made on the basis of priority of registration. G. L. c. 31, §§ 1, 28-29. Pippy, as has been stated, achieved his new position within the structure of the civil service law.