SCHOOL COMMITTEE OF MEDFORD *vs.* MEDFORD PUBLIC SCHOOL CUS-TODIANS ASSOCIATION. January 6, 1986. *Workmen's Compensation Act,* Public employees. *Public Employment,* Workmen's compensation, Vacation pay, Longevity pay.

We deal in this case with the question whether G. L. c. 152, § 69, prohibits a public employee who is receiving workers' compensation benefits for total incapacity under c. 152 from accruing the right to additional vacation and longevity pay.

Albert Deady began working as a custodian in the Medford school system in 1971. He was injured on the job on September 9, 1980. As a result of his injury, he stopped work completely in March, 1981, and thereafter received weekly workers' compensation benefits for total incapacity under G. L. c. 152, § 34. The benefits continued without interruption until August, 1983, when Deady was granted a disability retirement.

In accordance with the collective bargaining agreement existing between the Medford school·committee and the Medford Public School Custodians Association, Deady was paid for all the vacation due him in 1981, the year in which he became totally disabled. He applied to the school committee for vacation pay allegedly accrued and due under the collective bargaining agreement for 1982 (four weeks) and 1983 (five weeks), as well as for a pro rata share of longevity pay for 1983. The committee refused to grant Deady the requested vacation or longevity pay, as he had not worked at all in either year. The association invoked the arbitration provision of the collective bargaining agreement on Deady's behalf. The arbitrator upheld the grievance and awarded Deady vacation pay for both 1982 and 1983, and a pro rata share of longevity pay for 1983. Upon the school committee's application pursuant to G. L. c. 150C, § 11 (*a*) (3), a judge of the Superior Court vacated the award. We affirm the judgment.

---

General Laws c. 152, § 69, governs payments of salary in excess of workers' compensation benefits. In relevant part, as appearing in St. 1959, c. 555, the statute provides as follows:

> "No cash salary or wages shall be paid by the commonwealth or any such county, city, town or district to any person for any period for which weekly total incapacity compensation under this chapter is payable, except that such salary or wages may be paid in full until any overtime or vacation which the said employee has to his credit has been used, without deduction of any compensation herein provided for which may be due or become due the said employee during the period in which said employee may be totally incapacitated, and except that such salary or wages may be paid in part until any sick leave allowance which the employee has to his credit has been used. . . ."

By providing for payment of salary until vacation time "which the . . . employee has to his credit has been used," § 69 contemplates only payment for vacation that an employee has earned and that he is entitled to but that he has not taken at the time of the incapacitating injury. This interpretation is consistent with the words of the statute as commonly understood. It also serves the statute's purpose of avoiding the receipt of double benefits by a person who is being paid total incapacity compensation under G. L. c. 152, § 34.[1] Moreover, adopting the plaintiff's interpretation of § 69 could frustrate the goal of the statute twice over: a reading of § 69 that would enable an employee to accumulate rights to new vacation pay during each year of his total disability would presumably also allow him to assert that parallel language in the section permits a new annual sick leave allowance for the same period, so long as he has remained "employed." Such a reading does not square with common sense. See *Rein* v. *Marshfield,* 16 Mass. App. Ct. 519, 523 (1983). Since c. 152 is not among the statutes listed in G. L. c. 150E, § 7, its terms supersede the conflicting provisions of a collective bargaining agreement. *School Comm. of Marshfield* v. *Marshfield Teachers Assn.,* 383 Mass. 881, 882 (1981), and cases cited. Under § 69, Deady was entitled to be paid for vacation earned but untaken in 1981, the year in which he became totally disabled. He received that payment.[2] He

---

[1] The arbitrator was concerned that Deady was not receiving a full measure of salary because his compensation benefits approximated two-thirds of his average weekly wages prior to the injury. The arbitrator did not take note of the fact that workers' compensation benefits are free from Federal and State income taxes.

[2] In some cases, in order to comply with c. 152, § 69, it may be necessary to consult the collective bargaining agreement to determine what vacation time an employee "has to his credit." A dispute over that question might be the proper subject of an arbitration. That issue does not, however, arise here as Deady would be entitled to vacation pay only for 1981 and he has received that pay. We note in passing that

would not be entitled to receive vacation pay for 1982 or 1983, years in which he did not work at all and during which he received total incapacity compensation under G. L. c. 152, § 34. It follows that the arbitrator's award of vacation pay for 1982 and 1983 was properly vacated as made in excess of his powers. *School Comm. of Marshfield* v. *Marshfield Teachers Assn., supra.*

The same conclusion pertains to the award of longevity pay to Deady for 1983. That payment is plainly forbidden by the first clause of § 69.

*Judgment affirmed.*

*William J. Riley* for the defendant.
*Stephen Hamilton,* Assistant City Solicitor, for the plaintiff.

---

the collective bargaining agreement grants vacations of differing lengths to employees who are members of the bargaining unit and who "ha[ve] worked" for the requisite period of time provided for by the agreement.