Hely, J.
I. Introduction
This case involves a dispute between a public employer and an employee association over a workers’ compensation and sick days provision in a collective bargaining agreement. The employer is the Board of Trustees of the Bristol County Agricultural High *683 School. The employee association is the Segreganset Teachers Association/Support Staff (M.T.A./N.E.A.). In accordance with the agreement, the parties submitted the dispute to arbitration. The arbitrator ruled in favor of the employee association. The employer filed the present action seeking in part to vacate the arbitrator’s award. The employee association has moved to confirm the arbitrator’s award.
Contrary to the employer’s argument, the arbitrator’s interpretation of the collective bargaining agreement does not conflict with the Workers’ Compensation Act, G.L.c. 152. The arbitrator did not exceed his powers or require conduct prohibited by Massachusetts or Federal law.
II. The Employee Association’s Motion to Confirm Arbitrator’s Award
The fine issue before the arbitrator was this: were the employees who filed a grievance "required to use five days of their accumulated sick leave in order to receive pay for the period of time between the occurrence of a job-related injury and the receipt of Workers’ Compensation payments, in violation of Article 12C” of the collective bargaining agreement. Article 12C has two sentences. The first states that the bargaining unit members shall be covered by the Workers’ Compensation Act. The second sentence states: “If an employee is injured on the job, sick leave shall not be lost.” Under the Workers’ Compensation Act, G.L.c. 152, Sec. 29, an injured employee does not receive workers’ compensation payments for the first five days of incapacity unless the incapacity lasts twenty-one days or more. The arbitrator interpreted Article 12C of the agreement as requiring the employer to pay an employee for the first five days of a work-related incapacity without requiring the employee to use sick days for these first five days.
In public employer cases, “a collective bargaining agreement may not require a result that conflicts with a mandate of State law, unless the law is listed in G.L.c. 150E, Sec. 7(d).” Dedham v. Dedham Police Association (Lieutenants and Sergeants), 46 Mass.App.Ct. 418, 419 (1999). The employer in this case contends that the arbitrator exceeded his authority because his interpretation of the agreement conflicts with G.L.c. 152, Sec. 69, par. 1, third sentence. Subject to some exceptions, the third sentence of Section 69 prohibits a public employer from paying salary or wages for a period in which total incapacity workers’ compensation is payable. Section 69, however, does allow salary or wages to be “paid in part” to an incapacitated employee “until any sick leave allowance which the employee has to his credit has been used ...”
There is no conflict between the arbitrator’s decision and Section 69. First of all, the general prohibition in Section 69 on salary or wage payments applies only to periods “for which weekly total incapacity compensation under this chapter is payable.” Many employees are not entitled to weekly total incapacity compensation for their first five days because their incapacities do not last for twenty-one days or more. G.L.c. 152, Sec. 29. If an employee’s disability does not last twenty-one days or more, Section 69 contains no prohibition on payment of salary or wages for the first five days of disability.[1]
Secondly, as the employee association efficiently points out in its memorandum, Section 69’s requirement that sick days be used first was amended in 1985 to add the phrase “except as otherwise provided in a collective bargaining agreement.” St. 1985, c. 572, Sec. 56. This amendment came after the court’s decision in School Committee of Marshfield v. Marshfield Teachers Association, 383 Mass. 881 (1981); see also School Committee of Medford v. Medford Public School Custodians Association, 21 Mass.App.Ct. 947 (1986) (decision also based on the statutory language in effect before the 1985 amendment). The 1985 amendment to Section 69 authorizes collective bargaining agreements that modify the requirement that available sick time be used when receiving pay during a work-related incapacity.
The employer also asserts that G.L.c. 152, Sec. 10C(l)(a), prohibits collective bargaining agreements that supplement workers compensation benefits except those benefits specified in Section 10C(l)(a). Weekly total incapacity benefits under Section 34 are specified in Section 10(l)(c) as benefits that may be supplemented under a collective bargaining agreement. The arbitrator’s interpretation of Article 12C of the collective bargaining agreement is that employees are entitled to receive pay for the period between a job-related injury and receipt workers compensation payments without being required to use five days of accumulated sick time. As interpreted by the arbitrator, this part of the collective bargaining agreement provides a benefit to the injured employee that directly supplements the Section 34 weekly total incapacity benefits. Such benefits in a collective bargaining agreement are within the supplemental benefits permitted by G.L.c. 152, Sec. 10(l)(c).
The arbitrator did not exceed his powers. His award does not require conduct prohibited by Massachusetts or Federal law. G.L.c. 150C, Sec. 11(a)(3).
III. The Employer’s Claim Seeking a Declaratory Judgment
Count II in the employer’s complaint asks for a declaratory judgment that would declare the court’s interpretation of the workers’ compensation and sick leave provision in the collective bargaining agreement. The parties submitted the underlying grievance to arbitration in accordance with the collective bargaining agreement. The parties agreed in Article 13 of the collective bargaining agreement that the decision of the arbitrator in such a dispute “shall be final and binding on both parties.” It would be improper for the court to engage in an interpretation of the disputed *684 contract provision except to the limited extent necessary to decide the employer’s claim that the arbitrator exceeded his powers. Concerned Minority Educators of Worcester v. School Committee of Worcester, 392 Mass. 184, 187 (1984).
IV. Order
The defendant’s motion to confirm the arbitrator’s award is allowed. A judgment will enter for the defendant confirming the arbitrator’s award and dismissing the plaintiffs complaint.

 The court papers do not disclose whether the employee grievants in this case were incapacitated for twenty-one days or more.