77 Mass. App. Ct. 785 (2010)                                785

City of Boston *v.* Salaried Employees of North America, Local 9158.

CITY OF BOSTON *vs.* SALARIED EMPLOYEES OF NORTH AMERICA, LOCAL 9158.

No. 09-P-705.

Suffolk. January 14, 2010. - September 23, 2010.

Present: McHugh, Green, & Fecteau, JJ.

*Arbitration,* Authority of arbitrator, Award, Collective bargaining. *Civil Service,* Applicability of provisions. *Labor,* Arbitration, Civil service, Collective bargaining. *Public Employment,* Collective bargaining.

A Superior Court judge properly allowed the defendant union's motion for summary judgment, affirming an arbitrator's award of reinstatement in a union grievance that arose when a provisional employee of a department of the plaintiff city was laid off after a tenured civil service employee in a different division of the same department, who had been selected for layoff, elected to "bump" laterally into the provisional employee's position, where the collective bargaining agreement (agreement) permitted lateral bumping only into vacant positions and, given that the city had no valid reason under the civil service laws or the agreement to lay off or discharge the provisional employee, who did not occupy the same job classification or title as the tenured civil service employee, there was no vacancy into which the tenured civil service employee could bump, and allowing her to do so violated the provisional employee's rights under the agreement [788-790]; and where the arbitrator's award of reinstatement did not require the city to appoint or reappoint the provisional employee to a job she already held [790-792].

CIVIL ACTION commenced in the Superior Court Department on April 11, 2008.

The case was heard by *John C. Cratsley,* J., on motions for summary judgment.

*Paul R. Curran* (*Robert J. Boyle, Jr.,* with him) for the plaintiff.

*Warren H. Pyle* for the defendant.

McHugh, J. This appeal from a Superior Court judgment affirming an arbitrator's award in a labor dispute centers on the "bumping rights" provision of a contract between the city of Boston (city) and the Salaried Employees of North America,

786            77 Mass. App. Ct. 785 (2010)

City of Boston *v.* Salaried Employees of North America, Local 9158.

Local 9158 (union). The city claims that the arbitrator interpreted and applied the contract in a way that exceeded his powers. We disagree and affirm the judgment.

*Background.* The basic facts found by the arbitrator are not disputed. The city has a property and construction management department that consists of eight separate divisions, two of which are the capital construction division (construction division) and the municipal police department (police division). The police division is responsible for protecting all city buildings. In the late fall of 2005, the city decided to eliminate all armed officers from the police division and merge their functions into those of the Boston police department. That decision resulted in a number of layoffs not only of armed officers but of other police division support personnel.

In place at the time was a collective bargaining agreement (agreement) between the city and the union that contained a number of provisions dealing with layoffs. Insofar as here material, one of those provisions stated that permanent employees were to be laid off in accordance with the provisions of G. L. c. 31, which requires that permanent employees "having the same title in a departmental unit" be laid off in accordance with seniority. See G. L. c. 31, § 39. Another provision stated, again in material part, that "[n]on-permanent employees (including provisional[1] and temporary employees) with more than six months seniority shall be designated for lay off prior to permanent employees in their job classifications in their department. Such non-permanent employees shall be designated for lay off by inverse order of seniority."

Article XV, § 6, of the agreement dealt with "bumping rights," that is, the right of one employee to "bump" into another position under certain circumstances, including the right to bump another employee out of the targeted position. Insofar as § 6 applied to employees who had been designated for layoff, two

---

[1]As used in the agreement, the term "provisional employee" had the same meaning the term had in the civil service laws. Under the civil service laws, a provisional employee is an employee appointed to a position when no civil service list of persons eligible for appointment to the position has been created through normal civil service processes or when a list created through the normal processes contains less than three names and, in either case, certain other criteria are met. See G. L. c. 31, § 12.

provisions are of particular importance and lie at the heart of the present controversy. Section 6(A)(ii) provided that permanent employees had "the right provided by G. L. c. 31 to bump into a lower graded job classification within the department." Alternatively, under § 6(A)(iii), a permanent employee was permitted to

> "bump laterally into a vacancy within the same job classification or an equally graded job classification that the employer has determined the employee seeking to bump laterally to be capable of performing the duties and responsibilities of the position."

Joan Forbes-Ozella, a tenured civil service employee who worked as a grade MM-7 senior administrative assistant in the police division, was one of the employees selected for layoff as a result of the merger. Her duties included budgeting, managing the account related to paid details on which the armed officers worked, and analyzing monthly crime reports. Dorothy Baxter, a provisional employee who had been hired effective July 19, 1999, was a grade MM-7 program analyst in the construction division. Baxter's duties included working on various projects for the Boston public schools, assisting with construction reimbursements generated by installation of an Internet infrastructure, and working as a member of the capital planning team for the Boston school system.

Faced with an imminent layoff, Forbes-Ozella elected to bump Baxter and, as a result, moved from the police division to the construction division, where she began performing the duties Baxter had performed. Baxter, in turn, was laid off. Baxter grieved her layoff and, supported by the union, claimed that the agreement only permitted lateral bumps, i.e., bumps into the same grade, when the target position was vacant. Although Baxter's position was in the same grade, the union argued that her position was not vacant at the time Forbes-Ozella exercised her bumping rights and, thus, she had no right to displace Baxter.

The city disagreed, and the matter proceeded to arbitration under the agreement's arbitration provisions. The arbitrator agreed with the union's position and made an award stating that Forbes-Ozella had no contractual right to bump Baxter because Baxter's position was not vacant. As a result, he ordered the

city to "reinstate Baxter to her former position . . . and make her whole for all lost wages and contract benefits."

The city appealed the arbitrator's decision to the Superior Court, where it made the two principal arguments it presses here. The first is that the arbitrator's interpretation of the bumping rights provision of the agreement would require the city to violate the seniority layoff provisions of the civil service laws. The second is that, even if the arbitrator's interpretation of the agreement were appropriate, the reinstatement award violated a term of the agreement providing that an arbitrator "shall make no award that grants any appointment [or] reappointment . . . of any member of the bargaining unit."

After a hearing on the parties' cross motions for summary judgment, a judge of the Superior Court issued a thoughtful memorandum of decision ordering allowance of the union's motion and entry of judgment affirming the award. This appeal followed.

*Discussion.* Judicial review of an arbitration award is narrowly confined. See G. L. c. 150C, § 11(*a*). As the Superior Court judge observed, a court is bound by the arbitrator's findings and rulings "even if they appear erroneous, inconsistent, or unsupported by the record at the arbitration hearing," quoting from *Lynn* v. *Thompson*, 435 Mass. 54, 61 (2001). "Courts inquire into an arbitration award only to determine if the arbitrator has exceeded the scope of his authority, or decided the matter based on 'fraud, arbitrary conduct, or procedural irregularity in the hearings.' " *Plymouth-Carver Regional Sch. Dist.* v. *J. Farmer & Co.*, 407 Mass. 1006, 1007 (1990), quoting from *Marino* v. *Tagaris*, 395 Mass. 397, 400 (1985).

The arbitrator's conclusion that Forbes-Ozella had no right to bump Baxter suffers from none of those defects. It is undisputed that, at the time Forbes-Ozella exercised her bumping rights, Baxter in fact occupied the position into which Forbes-Ozella decided to bump. Literally speaking, therefore, the position was not "vacant" at the time, and the agreement permits lateral bumping only into vacant positions.

The city agrees that an employee cannot laterally bump into an occupied position but contends that it created a vacancy by electing to lay Baxter off once Forbes-Ozella elected to bump

into her position. Indeed, the city maintains that its decision to lay Baxter off was required by statute, by rule, and by the agreement itself. For the statutory requirement, the city points to G. L. c. 31, § 39, which states that employees *"having the same title* in a departmental unit" shall be laid off in accordance with seniority. The rule was promulgated by the Human Resources Division, which administers the civil service law in the Commonwealth, and provides that

> "[w]hen one or more employees must be separated from positions *in the same title and departmental unit* due to lack of work, lack of money or abolition of position, all persons filling positions provisionally in the designated title must be separated first, followed by all persons filling positions in temporary status in the designated title, before any civil service employees holding the designated positions in permanent status shall be separated from such positions"

(emphasis supplied). Personnel Administration Rules PAR.15 (2003). The portion of the agreement on which the city relies states that provisional employees like Baxter "shall be designated for lay off prior to permanent employees *in their job classifications* in their department" (emphasis added).[2]

The problem with the city's argument is the arbitrator's finding that the term "job classification" as used in the agreement and the term "title" as used in the statute and the personnel administration rule have the same meaning and there was "nothing in the record to show that the positions of Senior Administrative Assistant and Program Analyst are considered part of the same 'job classification' within the meaning" of Article XV, § 4(A)(ii). In other words, neither the civil service laws nor the collective bargaining agreement required the city to lay off or discharge Baxter before laying off Forbes-Ozella, because the

---

[2]The city also argues that if there is any inconsistency between the civil service laws and the agreement, the provisions of civil service laws control because G. L. c. 31, in which those laws are codified, is not a statute listed in G. L. c. 150E, § 7(*d*), as one that a collective bargaining agreement can supercede. With that proposition, the union voices no disagreement. Indeed, Article XV, § 3, of the agreement explicitly states that the agreement's layoff provisions are to be "read to conform to" G. L. c. 31, a statement reiterated in slightly different form in Article XV, § 6, pertaining to bumping rights.

two did not have the same title or job classification. As the city had no other valid reason to lay off or discharge Baxter,[3] there was no vacancy in Baxter's position into which Forbes-Ozella could bump. Allowing her to do so, therefore, violated Baxter's rights under the agreement. The arbitrator's conclusion lies well within the expansive area that is immune from judicial review of arbitration awards.

*Herlihy* v. *Civil Serv. Commn.,* 44 Mass. App. Ct. 835 (1998), on which the city relies, does not require a different result. Herlihy, who was employed by the Department of Mental Health (DMH) as a psychologist III in a mental health facility in Bourne, attempted to bump into a similar position at a hospital in Worcester when his position, and all others like it, were eliminated at the Bourne facility. *Id.* at 836. DMH prohibited him from doing so, stating that, under regulations it had promulgated, bumping rights were limited to positions within the Bourne facility itself. *Ibid.* We ultimately disagreed, holding that the DMH had defined too narrowly the units within which bumping could occur, in the process displacing essential provisions of the civil service laws codified in G. L. c. 31, § 39. *Id.* at 839-840. Here, however, the arbitrator did not find that Forbes-Ozella was barred from bumping across departmental units. Instead, he found that Baxter and Forbes-Ozella did not occupy the same job classification or title and that, as a consequence, Forbes-Ozella had no right to bump Baxter under the agreement or under the statute.

The arbitrator's conclusion that there was no vacancy in Baxter's position at the time Forbes-Ozella exercised her bumping rights and that the city wrongfully removed Baxter in order to make room for Forbes-Ozella dictates the outcome of the city's next contention, namely that the arbitrator's reinstatement award violated the term of the agreement providing that the "arbitrator shall make no award that grants any appointment, reappointment, promotion or termination of any member of the bargaining unit." In making the award, however, the arbitrator reasoned as follows:

---

[3]The city advances no other reason and none appears in the record. There was no organized layoff plan for the construction division in which Baxter worked, and employees, like Baxter, who had completed a six-month probationary period, could not be discharged without "just cause."

"Traditional arbitral remedies attempt to place employees in the position they would have been in if there was no contract violation, absent some limitation on the arbitrator's authority. Here, Article X[, §] D of the parties' agreement restricts arbitrators from appointing or re-appointing employees. However, the Union here is not asking that I appoint or re-appoint Baxter to a position, which is within the contractual discretion of the City. Rather, it asks that I make Baxter whole by directing that the City place her back where she was before the contract breach, which is analogous to reinstating an employee who has been terminated without just cause. Therefore, I conclude the appropriate remedy here is an order that the City reinstate Baxter to her former Program Analyst position or an equivalent position in the PCMD and make her whole for all wages and contract benefits she lost because the City permitted Forbes-Ozella to bump into her position."

We think that the arbitrator's reasoning is a permissible view of what the agreement permits and what it forbids. The alternative would be either that the agreement offered no protection against wrongful termination or that the only remedy for wrongful discharge was an order requiring the city to continue to pay the discharged employee the salary he or she would have received if no discharge had occurred. The former reading is hardly reasonable in view of the comprehensive job-protection provisions the agreement contains and the latter would amount to a hugely wasteful expenditure of public funds.

*Everett* v. *Teamsters, Local 380,* 18 Mass. App. Ct. 137 (1984), which is relied on by the city, is not to the contrary. In that case, a provisional employee covered by a collective bargaining agreement did not contest his layoff but disputed instead the city's failure to recall him to a position for which he was qualified when that position opened. Agreeing with the employee, an arbitrator ordered the city to recall the employee. We ordered the award vacated, observing that "[b]y law, once a provisional employee is laid off, the provisional appointment ends." *Id.* at 139. Thereafter, the employee could not occupy any position in the city unless the city made a new appointment. Here, by contrast, the arbitrator ruled that Baxter was never properly laid off and, as a consequence, the city's effort to lay her off did not

in fact terminate her provisional appointment. The reinstatement award, therefore, did not require the city to appoint or reappoint her to a job she already held.

*Judgment affirmed.*