Per Curiam.
This is an appeal from an arbitrator’s decision ordering a used car seller to repurchase a car under the “lemon law” The trial court applied the correct, deferential standard of review in upholding the arbitrator’s decision. We affirm.
The factual background to this appeal is undisputed. The arbitrator found, and the parties do not dispute, that the defendant, Nicole Kirkton (“Kirkton”), purchased a used 2007 Jeep Grand Cherokee from the plaintiff, Premier Cape Cod, Inc. (“Premier”), on June 26, 2010. The sale was covered by the used car lemon law, G.L.c. 90, §7N 1/4. Eight days later, on July 4, the check-engine light came on. On July 7, the Jeep failed its state inspection due to a “P0300” code. Kirkton returned the Jeep to Premier, which “decarbonized” the engine and cleared the code. Kirkton picked up the Jeep on July 10, and the check-engine light came back on the same day. Kirkton returned the Jeep to Premier with the same code showing. This time, Premier diagnosed a valve problem and removed and repaired the cylinder heads, returning the Jeep to Kirkton on July 21. On August 5, Kirkton returned the Jeep to Premier because the check-engine light was, yet again, on. This time, Premier diagnosed a faulty oxygen sensor, cleared the code for a third time, and returned the Jeep to Kirkton on August 6. Despite this third effort at repair, the check-engine light continued to come on at random intervals in August and September. Kirkton’s request that Premier repurchase the Jeep pursuant to the used car lemon law was rejected by Premier, and Kirkton then requested arbitration by the Office of Consumer Affairs as provided by the statute.
After a hearing on November 17, 2010, the arbitrator issued a decision on November 30, ordering Premier to repurchase the Jeep. On December 22, 2010, Premier filed an appeal of that decision in the Barnstable District Court pursuant to G.L.c. 90, §7N 1/4(3) (A) (iii), par. 2. Kirkton filed a motion to dismiss, which was allowed by the trial judge on February 22, 2011, and a judgment dismissing the action and awarding, pursuant to the statute, $875.00 in attorney’s fees was entered on March 2. This appeal followed.
The trial court dismissed the appeal on the merits. On appeal, Premier challenges *150 that decision and attacks the standard of review the trial court employed in considering the arbitrator’s decision. We find neither point persuasive.[2]
As to the standard of review, Premier argues that constitutional due process considerations require a court reviewing an arbitration to adopt a less limited standard of review when the arbitration is imposed by statute rather than having been the result of a voluntary agreement by the parties themselves.[3] In support, it cites two decisions from the New York Court of Appeals, but no Federal or Massachusetts precedents. Decisions of New York are not controlling. The absence of authority from other jurisdictions in the 40 years since the first of those decisions was reached suggests that Premier’s constitutional theory has not gained broad acceptance, and we do not find it convincing when considered on its own merits.
The Supreme Judicial Court has noted the difference between consensual and statutorily imposed arbitration without ever suggesting that constitutional considerations require different standards of review for arbitrators’ decisions in those two situations. In School Dist. of Beverley v. Geller, 435 Mass. 223 (2001), the Court noted the arbitration there was statutorily compelled rather than voluntary and, nonetheless, employed the “narrow scope of judicial review” set out in G.L.c. 150C, §11 — a standard almost verbatim to that set out for used car lemon law cases in section G.L.c. 90, §7N 1/4. Id. at 228-229.
Having rejected Premier’s claim for use of a looser standard of review, we must employ instead the narrow review provided by G.L.c. 90, §7N 1/4 and G.L.C. 150C, §11. The court may not set aside an arbitrator’s award even if the appealing party claims the award rests on errors of fact or misinterpretations of law. Geller, supra at 228. ‘“Even a grossly erroneous [arbitration] decision is binding in the absence of fraud’ [in light of the] strong public policy favoring arbitration.” Id., quoting Trustees of the Boston and Me. Corp. v. Massachusetts Bay Transp. Auth., 363 Mass. 386, 390 (1973).
Here, since there is no claim of fraud or corruption, “evident partiality,” or action in excess of the arbitrator’s powers, G.L.c. 90, §7N 1/4, the trial court applied the §7N 1/4 scope of review and correctly held that the arbitrator’s decision may not be overturned. The arbitrator found after a hearing that Premier failed after three attempts to correct the “same defect” in the Jeep it sold to Kirkton. This is just the sort of fact-based conclusion and inference the Legislature has placed in the arbitra *151 tor’s hands. The judgment dismissing the appeal from the arbitrator’s decision must be affirmed.[4]
The decision of the trial court is affirmed. Counsel for Kirkton may file an application for appellate attorney’s fees, together with supporting documentation, with the Appellate Division within ten days of the date of this opinion, and counsel for Premier may file an opposition, if it chooses, within ten days thereafter.
So ordered.

 Two peripheral points may be noted. First, in the trial court, Kirkton claimed the appeal was untimely, having been filed on December 22, 2010, more than 21 days after the arbitrator’s decision. See G.L.c. 90, §7N 1/4 (an appeal must be filed “within twenty-one days” of the arbitrator’s finding). The trial court did not rule on that point, and it is not pressed on appeal. Second, the trial court allowed Kirkton’s Mass. R. Civ. P., Rule 12(b) (6) motion to dismiss. We express no opinion on whether that rule or Mass. R. Civ. E, Rule 56 is the more appropriate vehicle for resolving the matter. See General Motors Corp. v. Blackburn, 403 Mass. 320 (1988); City of Boston v. Salaried Employees of N. Am., Local 9158, 77 Mass. App. Ct. 785 (2010).

 It is not even clear that this theory was articulated in the trial court. Certainly, neither Kirkton nor the trial court even discussed it.

 While neither this Division nor the trial court is acting as a trier of fact here, it may he noted that Premier is hy no means correct that the arbitrator’s decision reflects a finding of “an impossible set of facts.” Premier assumes, without justification, that the arbitrator was required to accept its witnesses’ testimony as correct and therefore, as a pure matter of bad luck, there were four separate and unrelated defects in the Jeep it sold to Kirkton, three of which it claims to have successfully fixed. But an alternative theory, which the arbitrator was free to accept, was that there is only one defect with the Jeep, and Premier has failed to identify it. Many serious medical conditions can cause a headache as a symptom. While aspirin may make the headache go away temporarily, prescribing aspirin, even followed by Advil and then Motrin, does not “correct” the problem.
Furthermore, Premier is also not necessarily correct as a factual matter that “the check engine light was operating properly and as intended.” Rather than a Job-like series of totally unrelated calamities, the arbitrator may have concluded, as a matter of fact, that the check-engine light and its sensors were not working properly and so were misdiagnosing nonexistent problems. That would itself be a significant defect.