78 Mass. App. Ct. 511 (2011)                    511

American Federation of State, County, and Municipal Employees *v.* School Department of Burlington.

AMERICAN FEDERATION OF STATE, COUNTY, AND MUNICIPAL
EMPLOYEES, COUNCIL 93, AFL-CIO *vs.* SCHOOL DEPARTMENT
OF BURLINGTON.

No. 09-P-1842.

Middlesex. September 14, 2010. - January 4, 2011.

Present: LENK, KAFKER, & MILLS, JJ.

Further appellate review granted, 459 Mass. 1104 (2011).

*School and School Committee,* Arbitration. *Arbitration,* School committee,
    Award, Authority of arbitrator, Vacating award. *Practice, Civil,* Review
    respecting civil service.

In a civil action, the judge erred in confirming an arbitrator's determination
    that a dispute between a union and a school department was not arbitrable,
    on the ground that the grievance and arbitration procedure contained in the
    collective bargaining agreement did not apply to civil service employees,
    where there was no evidence before the arbitrator as to the grievant's civil
    service status. [513-514]

CIVIL ACTION commenced in the Superior Court Department on
June 22, 2007.

The case was heard by *S. Jane Haggerty,* J.

*Erin L. DeBonzis* for the plaintiff.

*Brian M. Maser* for the defendant.

MILLS, J. The plaintiff, American Federation of State, County,
and Municipal Employees, Council 93, AFL-CIO (union),
appeals from a Superior Court judgment following the denial of
the union's motion to vacate an arbitrator's award under G. L.
c. 150C, § 11, and the allowance of the motion of the defend-
ant, the school department of Burlington (department), for judg-
ment on the pleadings confirming the award. We reverse the
judgment and remand for further proceedings.

1. *Background.* On January 28, 2005, Linda Ott-Palmisano
(grievant), a cafeteria manager at Fox Hill Elementary School,
was terminated from her position after a five-day suspension
and a disciplinary hearing. Article IV of the collective bargaining

agreement (CBA) between the union and the department (effective between July 1, 2002, and June 30, 2005) contained a grievance and arbitration procedure for "[a]ny grievance or dispute which may arise between the parties concerning the meaning or interpretation of this Agreement." The matter proceeded to arbitration.

The arbitrator determined that the dispute was not arbitrable, reasoning that the grievance and arbitration procedure contained in article IV did not apply to civil service employees who, she ruled, by article V, had recourse only to their statutory and common-law remedies.[1] The arbitrator did not reach the merits of the grievance.

The linchpin of the decision was the grievant's civil service status. The arbitrator found that the grievant was a civil service employee based on the failure of the union to contest such status during the proceedings.[2] The arbitrator had no evidence to support this finding. Both the union and the department presented evidence in the Superior Court that had not been presented to the arbitrator. This evidence creates a substantial question as to the grievant's civil service status.

The union filed the complaint pursuant to G. L. c. 150C, § 11, seeking to vacate the arbitrator's award. The union argued that (1) the arbitrator exceeded her authority by ruling on the issue of arbitrability, and (2) the arbitrator exceeded her authority by finding that the grievant was a civil service employee.

After the union moved to vacate the award, the department cross-moved for judgment on the pleadings to confirm the award. The judge allowed the department's motion and denied the union's. Judgment subsequently entered, and this appeal followed.

---

[1]Article V of the CBA provides, in relevant part:

"The employer and the union shall recognize and adhere to all Civil Service and State Labor Laws, rules and regulations relative to seniority, promotions, transfers, discharges, removals and suspensions.

"The union further reserves the right to represent members under any such established procedure. *Any employee not covered by any statute relative to the above matters shall have recourse through the grievance procedure contained [in article IV]* beginning at the first step" (emphasis added).

[2]The union disputed civil service status in the Superior Court and represented that it had contested such status before the arbitrator as well.

2. *Standard of review.* We review de novo a grant of judgment on the pleadings pursuant to Mass.R.Civ.P. 12(c), 365 Mass. 758 (1974). *Wheatley* v. *Massachusetts Insurers Insolvency Fund*, 456 Mass. 594, 600 (2010). See *Jarosz* v. *Palmer*, 436 Mass. 526, 529 (2002). We review arbitration awards "only to determine if the arbitrator has exceeded the scope of [her] authority, or decided the matter based on 'fraud, arbitrary conduct, or procedural irregularity in the hearings.' " *Plymouth-Carver Regional Sch. Dist.* v. *J. Farmer & Co.*, 407 Mass. 1006, 1007 (1990), quoting from *Marino* v. *Tagaris*, 395 Mass. 397, 400 (1985).

3. *Discussion.* The union argues that the arbitrator exceeded her authority by determining, on the basis of no evidence, that the grievant was a civil service employee. We agree.

A judge shall vacate an arbitration award rendered in excess of the arbitrator's powers. G. L. c. 150C, § 11(*a*)(3). An arbitrator exceeds her powers by, inter alia, awarding relief that does not "draw[] its essence from the collective bargaining agreement." *School Dist. of Beverly* v. *Geller*, 435 Mass. 223, 228-229 (2001) (Cordy, J., concurring), quoting from *United Steelworkers* v. *Enterprise Wheel & Car Corp.*, 363 U.S. 593, 597 (1960).

In determining whether an arbitrator acted within her powers, judges do not review the arbitrator's findings of fact or conclusions of law for error. *Massachusetts Bay Transp. Authy.* v. *Boston Carmen's Union, Local 589, Amalgamated Transit Union*, 454 Mass. 19, 25 (2009). However, a judge may vacate an award if "the record before the arbitrator shows no support whatever for [her] determination."[3] *Concerned Minority Educators of Worcester* v. *School Comm. of Worcester*, 392 Mass. 184, 190 (1984). See *Electronics Corp. of Am.* v. *International Union of Elec., Radio & Mach. Wkrs., AFL-CIO Local 272*, 492 F.2d 1255, 1257 (1st Cir. 1974) ("[W]here the 'fact' under-

---

[3]Although this principle applies to arbitration awards generally, it applies a fortiori to questions of arbitrability because of the strong background presumption favoring arbitration. See, e.g., *Local Union No. 1017, Intl. Assn. of Fire Fighters, AFL-CIO* v. *Chicopee*, 430 Mass. 417, 421 (1999), quoting from *AT&T Techs., Inc.* v. *Communications Wkrs. of Am.*, 475 U.S. 643, 649 (1986) ("[W]here the contract contains an arbitration clause, there is a presumption of arbitrability . . . . *Doubts should be resolved in favor of coverage*" [emphasis added]).

lying an arbitrator's decision is concededly a non-fact . . . the award cannot stand"). Because a finding with no evidence to support it cannot draw its essence from a collective bargaining agreement designed to resolve disputes fairly through arbitration, such an award exceeds the arbitrator's powers.[4] See *School Dist. of Beverly* v. *Geller*, 435 Mass. at 228-229 (Cordy, J., concurring).

Here, there was no evidence to support the arbitrator's finding. At argument in the Superior Court, the department conceded that the only evidence before the arbitrator relating to civil service status was the CBA, a document which provides no such evidence. The department's posthearing brief before the arbitrator cites as evidence only the termination letter, a document also without any evidence of the grievant's civil service status.

In contrast, the parties presented considerable contradictory evidence in the Superior Court raising a substantial question about the grievant's civil service status. Because the grievant was entitled to the presumption of arbitrability, see note 3, *supra*, it was incumbent upon the department to present at least some of this evidence to the arbitrator to overcome the presumption. The department failed to do so.

The arbitrator therefore determined the critical issue in this dispute — the grievant's civil service status — without any support in the record for her finding. Accordingly, she exceeded her powers, creating grounds to vacate the award under G. L. c. 150C, § 11(*a*)(3). See *Concerned Minority Educators of Worcester* v. *School Comm. of Worcester*, 392 Mass. at 190.

4. *Conclusion.* The judgment is reversed, and a new judgment shall enter vacating the arbitrator's award and recommitting the case to the arbitrator for further consideration consistent with this opinion.

*So ordered.*

---

[4]The CBA between these parties, for example, lists as one of its purposes "the establishment of an equitable and peaceful procedure for the resolution of differences."