AMERICAN FEDERATION OF STATE, COUNTY, AND MUNICIPAL EMPLOYEES, COUNCIL 93, AFL-CIO *vs.* SCHOOL DEPARTMENT OF BURLINGTON. May 22, 2012. *School and School Committee,* Arbitration. *Arbitration,* School committee, Award, Authority of arbitrator. *Practice, Civil,* Review respecting civil service.

The American Federation of State, County, and Municipal Employees, Council 93, AFL-CIO (union), commenced arbitration proceedings to resolve a grievance on behalf of an employee of the school department of Burlington (department). The arbitrator issued an award in favor of the department. The union commenced an action in the Superior Court seeking to vacate the arbitrator's award. On the parties' cross motions, a judge in that court confirmed the award. The Appeals Court reversed, ruling that "the arbitrator exceeded her authority by determining, on the basis of no evidence, that the grievant was a civil service employee" and thus not subject to the grievance and arbitration procedure under the collective bargaining agreement. *American*

---

*Fed'n of State, County, & Mun. Employees, Council 93, AFL-CIO* v. *School Dep't of Burlington*, 78 Mass. App. Ct. 511, 513 (2011). We granted the department's application for further appellate review. We affirm the judgment of the Superior Court.

The underlying facts and procedural background are stated in the Appeals Court's opinion. *Id.* at 511-512. As the Appeals Court correctly stated, on review of an arbitrator's decision, we "do not review the arbitrator's findings of fact or conclusions of law for error." *Id.* at 513, citing *Massachusetts Bay Transp. Auth.* v. *Boston Carmen's Union, Local 589, Amalgamated Transit Union*, 454 Mass. 19, 25 (2009). "Judicial review of an arbitration award is narrowly confined. See G. L. c. 150C, § 11 (*a*). . . . [A] court is bound by the arbitrator's findings and rulings 'even if they appear erroneous, inconsistent, or unsupported by the record at the arbitration hearing.' " *Boston* v. *Salaried Employees of N. Am., Local 9158*, 77 Mass. App. Ct. 785, 788 (2010), quoting *Lynn* v. *Thompson*, 435 Mass. 54, 61 (2001), cert. denied, 534 U.S. 1131 (2002). "Absent fraud, errors of law or fact are not sufficient grounds to set aside an award." *Lynn* v. *Thompson, supra*, quoting *Plymouth-Carver Regional Sch. Dist.* v. *J. Farmer & Co.*, 407 Mass. 1006, 1007 (1990). The union's argument that there was no evidence in the record to support the arbitrator's finding that the grievant was a civil service employee falls short of this deferential standard. The Superior Court judge properly declined to set aside the award on this basis.[1]

The union argues also that the arbitrator lacked authority to decide whether the grievance was arbitrable, as arbitrability is ordinarily a question for the court.[2] There was no error. It appears that the question of arbitrability was raised at the outset of the hearing, without objection from the union at that time, and further that the department argued its position before the arbitrator that the grievance was not arbitrable. Nonetheless, the union did not contend in its posthearing brief that the arbitrator could not decide the question of arbitrability, and as far as we are able to discern, the union raised no objection to the arbitrator's deciding this issue until it challenged the award in the Superior Court. Where there was no objection, we think the arbitrator did nothing wrong by deciding the issue.

The judgment of the Superior Court is affirmed.

*So ordered.*

---

[1]Moreover, the record before us suggests that, in fact, there was evidence to support the arbitrator's finding, namely, a notice of hearing stating that the civil service laws, G. L. c. 31, §§ 41-45, governed the grievant's rights. It also appears that, during the arbitration proceedings, the union did not dispute the department's claim that the grievant was a civil service employee. In particular, the union's posthearing brief addresses only the merits of the grievant's suspension and not her civil service status. Similarly, according to the award, the union's position was that employees covered by the civil service laws were still covered by the collective bargaining agreement, not that the grievant was not in fact a civil service employee. In these circumstances, we cannot say that the record before the arbitrator was "wholly lacking in support." *Concerned Minority Educators of Worcester* v. *School Comm. of Worcester*, 392 Mass. 184, 190 (1984).

[2]Because of its disposition, the Appeals Court did not need to reach this issue. Nonetheless, it is properly before us now. "Our general rule is that we shall review all issues that were before the Appeals Court (and not limit our review just to those issues urged as grounds for further appellate review), unless our order allowing further review indicates otherwise." *Bradford* v. *Baystate Med. Ctr.*, 415 Mass. 202, 204 (1993).

*Brian M. Maser* for the defendant.

*Karen E. Clemens* for the plaintiff.