Shaun Miller and Beth Miller (collectively, Millers) brought suit in Superior Court against DJL Development Nardell, LLC (DJL), raising claims for damages relating to defects in the newly built house they purchased from DJL. A limited warranty appended to the purchase and sale agreement (agreement) contained an arbitration clause, pursuant to which the parties stipulated to binding arbitration. Once the arbitration proceedings concluded, the parties returned to Superior Court, the Millers seeking to confirm the arbitrator's final award and DJL seeking to vacate it. A Superior Court judge allowed the Millers' motion to confirm the award, and DJL appeals.
DJL's sole argument on appeal is that the award should be vacated because the arbitrator exceeded the scope of her authority. See G. L. c. 251, § 12 (a ) (3). More specifically, DJL appears to be arguing that, because the arbitration clause is contained in the limited warranty, the arbitrator exceeded her authority by finding that DJL breached other parts of the agreement and awarding damages to the Millers accordingly.[3] We disagree.
The arbitration clause, while appearing in the limited warranty, applies broadly to "future disputes which may arise between [the parties] relative to their [a]greement." "[W]here [a] contract contains an arbitration clause, there is a presumption of arbitrability," which is overcome only if "it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. ... Such a presumption is particularly applicable where the clause is ... broad." Drywall Sys., Inc. v. ZVI Constr. Co., 435 Mass. 664, 666 (2002), quoting Local No. 1710, Int'l Ass'n of Fire Fighters v. Chicopee, 430 Mass, 417, 421 (1999). See Barletta v. French, 34 Mass. App. Ct. 87, 93 (1993), quoting Danvers v. Wexler Constr. Co., 12 Mass. App. Ct. 160, 163 (1981) ("a broad agreement to arbitrate 'should be construed as broadly as it was intended' "). Here, the arbitration clause by its terms encompasses disputes concerning the parties' "[a]greement," not just disputes concerning the limited warranty. DJL fails to explain why the presumption of arbitrability does not apply in this situation. See Katz, Nannis & Solomon, P.C. v. Levine, 473 Mass. 784, 795-796 (2016) (assessment of damages "[fell] squarely within the broad arbitration clause," which provided for arbitration of "any dispute concerning any aspect of this Agreement").
Moreover, even assuming that the arbitration clause covers only claims under the limited warranty, DJL still would not be entitled to vacatur of the award because DJL agreed -- indeed, insisted -- that all of the Millers' claims, including potential claims, would be decided by the arbitrator. DJL made its intention known through statements it made during the arbitration proceedings. In a motion to strike the Millers' statement of claim, DJL argued that a clearer statement was required so that DJL would "not be subject to relitigating the same matters in a Superior Court action, should the [Millers] not like the results of arbitration." After a hearing on the motion, the arbitrator issued a procedural order, which provided that "[b]y agreement of the parties, all claims currently pending in Middlesex Superior Court ... shall be joined with the [s]tatement of [c]laim." Not satisfied that this order covered potential claims, DJL filed a motion to clarify, in which counsel for DJL set forth his understanding that "all claims, in general, that could have been brought by the [Millers], whether or not now pending in the Middlesex Superior Court" would be decided by the arbitrator, "thereby effectively leaving nothing left to try in Middlesex Superior Court upon the conclusion of the arbitration proceedings." At the request of the arbitrator, counsel for the Millers then confirmed by electronic mail message that "following the arbitration proceeding there will be nothing more to litigate in the [S]uperior [C]ourt action."
This procedural history makes clear that DJL agreed to arbitrate all claims that the Millers asserted or could have asserted in Superior Court, regardless of whether such claims fell within the scope of the arbitration clause. As the arbitrator stated in the final award, the parties' agreement to arbitrate "was further amended" during the course of the proceedings, as "memorialized" in the procedural order. Having submitted the entire dispute to the arbitrator for resolution, DJL cannot now complain that she exceeded her authority by deciding claims arising outside of the limited warranty. See American Fed'n of State, County, & Mun. Employees, Council 93, AFL-CIO v. School Dep't of Burlington, 462 Mass. 1009, 1010 (2012) ("Where there was no objection, we think the arbitrator did nothing wrong by deciding the issue"); Barletta, 34 Mass. App. Ct. at 95, quoting Grobet File Co. of Am., Inc. v. RTC Sys., Inc., 26 Mass. App. Ct. 132, 135 (1988) ("Absent clear evidence that the arbitrators, over the objections of the ... party [seeking to vacate the award], decided issues outside the 'arena of arbitration[,]' ... the award of the arbitrators is binding upon the parties").
Judgment affirmed.

We read much of DJL's brief to be arguing that the arbitrator misconstrued the agreement by concluding that DJL's original contractual obligations survived delivery of the deed and the limited warranty was simply an "additional protection negotiated between the parties." Despite DJL's insistence to the contrary, this argument amounts to an assertion of mere legal error, which is not a ground for vacating the award. See Katz, Nannis & Solomon, P.C. v. Levine, 473 Mass. 784, 790 (2016). See also id. at 796 ("Interpreting the agreement is the role of the arbitrator, not this court").