DOE vs. CAMBRIDGE PUBLIC SCHOOLS, 101 Mass. App. Ct. 482

 
 JOHN DOE vs. CAMBRIDGE PUBLIC SCHOOLS.

101 Mass. App. Ct. 482
 June 9, 2022 - August 10, 2022

Court Below: Superior Court, Middlesex County
Present: Meade, Rubin, & Sullivan, JJ.

 

No. 21-P-877.

Massachusetts Tort Claims Act. Notice, Claim under Massachusetts Tort Claims Act. Negligence, Emotional distress, Municipality, School. Municipal Corporations, Notice to municipality. School and School Committee, Liability for tort, Superintendent of schools. Practice, Civil, Presentment of claim under Massachusetts Tort Claims Act, Motion to dismiss.

In a civil action brought against a city's public schools, claiming, inter alia, negligent infliction of emotional distress under the Massachusetts Tort Claims Act, G. L. c. 258 (act), arising from the wrongful suspension of the plaintiff student, the Superior Court judge erred in denying the defendant's motion to dismiss, where the presentment letter sent by the plaintiff to the superintendent, explaining the circumstances of the plaintiff's wrongful suspension and the emotional harm sustained therefrom, failed to strictly comply with the presentment requirement of § 4 of the act, in that a school superintendent is not an executive officer for purposes of presentment to a city (i.e., the executive officer of a city, defined for presentment purposes as the mayor of a city or an individual designated by the city charter); and in that the city's schools did not constitute a legal entity wholly separate from the city (as schools ultimately fell under the general supervision and control of the city manager, according to the city's charter); and where the plaintiff failed to satisfy the narrow actual notice exception to the presentment requirement, in that the mayor did not receive actual notice of the plaintiff's written claim. [485-490] Rubin, J., dissenting.

Civil action commenced in the Superior Court Department on December 14, 2020.

 A motion to dismiss was heard by Michael P. Doolin, J.

 Sydney M. Wright for the defendant.

 Sania S. Santos for the plaintiff.

 MEADE, J. This is an interlocutory appeal from the denial of the defendant's motion to dismiss the plaintiff's claim of negligent infliction of emotional distress, on the basis of failure to comply with the presentment requirement of the Massachusetts Tort Claims Act (MTCA), G. L. c. 258, § 4. On appeal, the defendant claims that (1) where the plaintiff mailed a presentment letter to 

 Page 483 

the superintendent of the defendant Cambridge Public Schools (superintendent), the plaintiff failed to satisfy the presentment requirement; and (2) the plaintiff has failed to demonstrate that the proper designated executive officer received actual notice of the plaintiff's written claim, so as to satisfy the actual notice exception to the presentment requirement of G. L. c. 258, § 4. We reverse that portion of the order denying the motion to dismiss the plaintiff's negligence claim. 

 1. Background. We recite the facts asserted in the complaint, "taking them as true for purposes of evaluating the motion to dismiss." Edwards v. Commonwealth, 477 Mass. 254, 255 (2017), S.C., 488 Mass. 555 (2021). The plaintiff is an African-American student who attended a public elementary school in the city of Cambridge (city). On December 20, 2017, some female students complained that certain unnamed male students were sharing photographs of naked women on their cell phones after school, while waiting for the bus. The plaintiff was singled out by the school's principal and assistant principal as one of the students sharing the photographs. However, during a meeting between the plaintiff's grandmother and school officials, it was revealed that the plaintiff neither attended school that day nor was permitted by his grandmother to bring his cell phone to school. At the conclusion of the meeting, the plaintiff was allowed to return to class, only to be removed again a short time later, and the plaintiff was ultimately suspended without a meaningful opportunity to be heard. [Note 1] 

 Thereafter, the principal notified the plaintiff's grandmother that a readmission hearing was scheduled for January 2, 2018, at which it would be determined whether any further suspension was necessary. On January 2, the plaintiff was unable to leave his house because of extreme nervousness and fear of further disciplinary action. As a result, the meeting was rescheduled for the following day. The next day, the plaintiff arrived at school with his father and grandmother, but was told to return home because the principal was unavailable to meet. Later that day, the school informed the plaintiff's father that the readmission meeting was canceled, and the plaintiff would be permitted to return to school the following day, January 4, 2018.

 Page 484 

 Following the suspension, the Department of Elementary and Secondary Education investigated the incident, determined that the suspension violated the plaintiff's student rights, and thus ordered the suspension expunged from his student record. As a result of the wrongful suspension, the plaintiff suffered severe emotional distress, manifested in physical symptoms including anxiety, sleep deprivation, weight gain, and posttraumatic stress. 

 The plaintiff filed a four-count complaint alleging (1) negligent infliction of emotional distress under the MTCA, G. L. c. 258, §§ 1 et seq.; (2) discrimination based on race, in violation of G. L. c. 76, § 5, and 42 U.S.C. § 2000d; (3) discrimination based on sex in violation of G. L. c. 76, § 5, and 20 U.S.C. § 1681(a); and (4) violation of his right to due process of law. The defendant filed a motion to dismiss the plaintiff's complaint in its entirety pursuant to Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754 (1974), for failure to comply with the presentment requirements of G. L. c. 258, § 4. The judge determined that the plaintiff made proper presentment to the superintendent and denied the motion. Alternatively, even if presentment to the superintendent was improper, the judge found that the city's then-mayor (mayor) received actual notice of the plaintiff's claim through a meeting between the mayor and the plaintiff's grandmother in December of 2018, thus satisfying the actual notice exception to G. L. c. 258, § 4. Following the denial of the motion, the defendant exercised its right to an interlocutory appeal on the grounds of failure of presentment solely as to the count for negligent infliction of emotional distress. [Note 2] See Theisz v. Massachusetts Bay Transp. Auth., 481 Mass. 1012, 1013-1014 (2018) (right to interlocutory appeal for claim of defective presentment pursuant to G. L. c. 258, § 4, "is proper pursuant to the doctrine of present execution"). 

 2. Standard of review. We review the denial of a rule 12 (b) (6) motion to dismiss de novo. See A.L. Prime Energy Consultant, Inc. v. Massachusetts Bay Transp. Auth., 479 Mass. 419, 424 (2018). We accept "the facts alleged in the complaint as true and draw[] all reasonable inferences in the plaintiff's favor." Edwards, 477 Mass. at 260. However, "[w]e do not regard as 'true' legal conclusions cast in the form of factual allegations." Id., quoting Leavitt v. Brockton Hosp., Inc., 454 Mass. 37, 39 n.6 (2009). To 

 Page 485 

survive a motion to dismiss, the facts alleged must "'plausibly suggest[] (not merely [be] consistent with)' an entitlement to relief." Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008), quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully" (citation omitted). Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). 

 3. Discussion. a. Presentment letter. The defendant claims that where the plaintiff's presentment letter was addressed to the superintendent of the Cambridge Public Schools, instead of the correct executive officer as defined by G. L. c. 258, §§ 1, 4, the plaintiff failed to satisfy the presentment requirement of the MTCA, and thus, the judge erred in denying the motion to dismiss so far as it related to the negligence claim. We agree. 

 The MTCA provides in pertinent part that "[a] civil action shall not be instituted against a public employer on a claim for damages . . . unless the claimant shall have first presented his claim in writing to the executive officer of such public employer within two years after the date upon which the cause of action arose." G. L. c. 258, § 4. "Proper presentment is accordingly a condition precedent to bringing suit [against a public employer], and failure to do so is fatal to the plaintiff's complaint." Drake v. Leicester, 484 Mass. 198, 199 (2020). 

 Here, on December 19, 2019, the plaintiff sent a presentment letter to the superintendent, explaining the circumstances of the plaintiff's wrongful suspension and the emotional harm sustained therefrom. However, a school superintendent is not an executive officer for purposes of presentment to a city. See G. L. c. 258, § 4. See also Holahan v. Medford, 394 Mass. 186, 188-189 (1985). In pertinent part, G. L. c. 258, § 1, defines the "executive officer" of a city, for presentment purposes, as "the mayor of a city, or [an individual] as designated by the charter of the city." General Laws c. 258, § 4, further adds that in the case of a city or town, presentment is sufficient if made to the "mayor, city manager, town manager, corporation counsel, city solicitor, town counsel, city clerk, town clerk, chairman of the board of selectmen, or executive secretary of the board of selectmen." 

 The Supreme Judicial Court has consistently required strict compliance with the presentment requirement of the MTCA, so that the Commonwealth and other public employers may retain a sufficient opportunity both to investigate and settle claims and to 

 Page 486 

prevent future claims, through notice to the proper executive officers. See Drake, 484 Mass. at 200-201. Where the plain, unambiguous language of G. L. c. 258, §§ 1, 4, does not list school superintendents among the individuals to whom presentment to a city may properly be made, the plaintiff's presentment letter failed to strictly comply with the presentment requirement of the MTCA. See Drake, supra. 

 The plaintiff nonetheless argues, and the dissent agrees, that where suit was filed against Cambridge Public Schools, rather than the city, the superintendent was the proper executive officer for the purposes of G. L. c. 258, § 4. Post at 493. We hold otherwise. 

 Cambridge Public Schools is not a legal entity wholly separate from the city, as it ultimately falls under the general supervision and control of the city manager, according to the city's Plan E charter. [Note 3] See G. L. c. 43, § 103 ("The city council shall appoint a city manager who shall be sworn to the faithful performance of his duties and who shall be the chief administrative officer of the city and shall be responsible for the administration of all departments, commissions, boards and officers of the city"). See also G. L. c. 43, § 104 ("it shall be the duty of the city manager to act as chief conservator of the peace within the city; to supervise the administration of the affairs of the city; to see that within the city the laws of the commonwealth and the ordinances, resolutions and regulations of the city council are faithfully executed"). Indeed, "[i]dentity of parties is not a mere matter of form, but of substance. Parties nominally the same may be, in legal effect, different . . . and parties nominally different may be, in legal effect, the same" (citations omitted). [Note 4] Chicago, Rock Island & Pac. Ry. Co. v. Schendel, 270 U.S. 611, 620 (1926). The plaintiff's 

 Page 487 

suit against an individual city department, i.e., the Cambridge Public Schools, is a suit against the city itself. See Brandon v. Holt, 469 U.S. 464, 471-472 (1985). Cf. Board of Pub. Works of Wellesley v. Board of Selectman of Wellesley, 377 Mass. 621, 624 (1979) ("a municipal department is not permitted to bring suit for the town without specific authorization from the town"). At oral argument, the plaintiff alleged that the superintendent is the highest-ranking official of the Cambridge Public Schools, and thus, presentment to the superintendent was proper. The superintendent, however, is merely an employee of the school committee of the city, for whom the proper public employer for the purposes of G. L. c. 258 would also be the respective city. See G. L. c. 71, § 59 (superintendent serves as employee of school committee). See also G. L. c. 258, § 1 (definition of "public employer" provides, in relevant part, that "[w]ith respect to public employees of a school committee of a city or town, the public employer for the purposes of [G. L. c. 258] shall be deemed to be said respective city or town"). Therefore, as stated above, where the proper public employer to whom presentment should have been made was in fact the city, presentment to the superintendent was insufficient, as presentment ought to have been made to one of the individuals specifically listed in G. L. c. 258, §§ 1, 4. [Note 5] See Holahan, 394 Mass. at 188-189. 

 Furthermore, and contrary to the plaintiff's argument, the plain language of 603 Code Mass. Regs. § 53.02 (2014) also does not render a superintendent the chief executive officer of a school department for the purposes of G. L. c. 258. Pursuant to this regulation, a superintendent is designated as "the executive officer employed by a school committee" only for the limited purpose of student discipline, and it bears no relation to the presentment requirements of G. L. c. 258, § 4. See 603 Code Mass. Regs. 

 Page 488 

§ 53.01(1) (2015). 

 The dissent also improperly relies on the superintendent's designation in his employment contract as "the Chief Education Officer and Chief Executive Officer of the School District, as provided in G. L. c. 71, § 59," to support the position that the superintendent was the proper chief executive officer to whom presentment ought to be made under these circumstances. [Note 6] Post at 493. However, there are no allegations regarding the contract in the complaint, the contract is not in the record, and it should not be considered. [Note 7] Moreover, like the plaintiff's argument concerning 603 Code Mass. Regs. § 53.02, such designation, in a single provision of an unrelated contract between a school official and the school committee, does not render the superintendent a chief executive officer for any and all statutory purposes. In any event, even if we consider the contract, it sheds no light on the meaning of the Legislature's chosen language found in G. L. c. 258, §§ 1, 4, and thus, provides no assistance in our statutory analysis where 

 Page 489 

"[o]ur principal objective is to ascertain and effectuate the intent of the Legislature." [Note 8] Meyer v. Veolia Energy N. Am., 482 Mass. 208, 212 (2019). 

 At bottom, we acknowledge that the presentment requirements of G. L. c. 258, § 4, may lead to harsh results. See Coren-Hall v. Massachusetts Bay Transp. Auth., 91 Mass. App. Ct. 77, 80 (2017). See also Bellanti v. Boston Pub. Health Comm'n, 70 Mass. App. Ct. 401, 408 (2007). However, that is how the statute is written, and it is incumbent on plaintiffs to strictly comply with its requirements. See Drake, 484 Mass. at 201. 

 b. Actual notice exception. The defendant also claims that the plaintiff has failed to satisfy the actual notice exception to the presentment requirement of G. L. c. 258, § 4, as the mayor did not receive actual notice of the plaintiff's written claim for negligent infliction of emotional distress. We agree. 

 Strict compliance with the presentment requirement of G. L. c. 258, § 4, may be excused if a plaintiff can demonstrate "that, despite defective presentment, the designated executive officer had actual notice of the written claim." Bellanti, 70 Mass. App. Ct. at 407. However, "the actual notice exception is narrow." Id. Constructive notice of a plaintiff's claim is insufficient. Robinson v. Commonwealth, 32 Mass. App. Ct. 6, 10 (1992). Moreover, it is irrelevant that a defendant may have suffered no prejudice from the lack of actual notice of the written claim. See Coren-Hall, 91 Mass. App. Ct. at 80. See also Bellanti, 70 Mass. App. Ct. at 408 (presentment requirement may lead to harsh results, particularly where notice to proper chief executive officer would make no practical difference). 

 In Lopez v. Lynn Hous. Auth., 440 Mass. 1029, 1030-1031 (2003), the Supreme Judicial Court held that the narrow actual notice exception to presentment was satisfied where the appropriate executive officer ultimately received the plaintiff's claim in 

 Page 490 

writing, and acted upon it in the appropriate manner. More specifically in that case, the housing authority's chief executive director received the plaintiff's written claim, despite the claim being presented more generally to the "Lynn Housing Authority," and on its receipt, the executive director investigated, evaluated, and eventually denied the claim. Id. at 1030. Where the proper executive officer was able to investigate the claim, and then use his authority to determine whether an offer of settlement should be made, the ultimate purpose of the presentment requirement of G. L. c. 258, § 4, was satisfied, and thus, the actual notice exception was also satisfied. See id. at 1030-1031. 

 Here, the plaintiff claims that the mayor received actual notice of the plaintiff's claim when he met with the plaintiff's grandmother in July of 2018. However, according to the grandmother's affidavit, she merely discussed with the mayor "possible solutions such as alternate school placement[s]" and hiring more African-American teachers. There was no mention of the MTCA or litigation at all. Unlike in Lopez, where the proper executive officer ultimately received the plaintiff's written claim, here there is nothing in the grandmother's affidavit that suggests notice of the plaintiff's written claim was provided to the mayor during their meeting. In fact, no written claim existed at the time of the meeting, which took place more than one year prior to the plaintiff improperly sending the written claim to the superintendent. Cf. Lopez, 440 Mass. at 1030-1031 (proper executive officer of Lynn Housing Authority, to whom presentment should have been made, acknowledged in his affidavit that he eventually received plaintiff's written claim, despite it being more generally presented to Lynn Housing Authority). Therefore, where the mayor did not receive actual notice of the plaintiff's written claim, the plaintiff has not satisfied the narrow, actual notice exception to the presentment requirement. See Bellanti, 70 Mass. App. Ct. at 407-408.

 Accordingly, the judge erred in denying the portion of the defendant's motion to dismiss related to count I of the complaint. That portion of the order is reversed, and the order shall be amended to dismiss that count. The order is otherwise affirmed.

 So ordered.

 RUBIN, J. (dissenting). The defendant has shown, as the majority describes, that the plaintiff child did not present his claim to the 

 Page 491 

city of Cambridge. But the plaintiff did not sue the city. The named defendant is the Cambridge Public Schools, and presentment was made to the superintendent of public schools (superintendent) of the city of Cambridge. This met the presentment requirement of G. L. c. 258, § 4, the language of which is plain. The judge's order concluding presentment was properly made therefore should be affirmed, and this case, including the negligence count, should be permitted to go forward.

 Background. The plaintiff is an African-American child who at the relevant time was a fourth-grade student at a public elementary school in Cambridge. As the majority describes, on December 21, 2017, the school's assistant principal pulled the child out of class and contacted his legal guardian, his grandmother, requesting that she come to the school for a meeting to discuss an incident the previous day in which some girls at the school complained to school authorities that unnamed boys were "sharing photographs of naked women on their cell phones at the end of the school day while waiting for the bus," even though he had been absent from school that day. His grandmother came to the school and explained that the child was not present at school the previous day and, furthermore, that she did not allow him to bring his cell phone to school, so he could not have shared any photographs as alleged. 

 Although the child was given permission to return to class, and his grandmother returned home, he was removed from class thirty minutes later and was confined to an unused classroom for three hours. The assistant principal then called the child's grandmother to inform her that the school had decided to suspend the child for the next school day, December 22. The assistant principal did not provide any explanation as to the reason behind the school's decision. But the assistant principal did threaten the child's grandmother that if she and the child came to school, they would be subject to arrest.

 On the afternoon of December 22, the child's father came to the school. The principal informed him that the suspension was premised not on the incident involving photographs of naked women, but on a previously unmentioned incident in the cafeteria, where fourth grade boys were allegedly overheard saying they wanted to "have sex with girls in their class." Later that day, the principal sent an e-mail message to the grandmother scheduling a "re-admission meeting" for January 2, 2018, a meeting where the school would decide whether any further suspension would be 

 Page 492 

necessary. On January 2, however, the child was unable to leave his house because he woke up feeling extremely nervous from the fear of receiving further disciplinary action from the school. Consequently, the readmission meeting was rescheduled for January 3. But when the child, his grandmother, and his father arrived for the meeting on January 3, they were told the principal was not available.

 The child's father returned to the school at 3 P.M. that afternoon and was informed the readmission meeting was canceled, and the child could return to school the following day, January 4, 2018. The Massachusetts Department of Elementary and Secondary Education conducted an investigation of this incident and determined that the child's suspension violated his rights. The school was ordered to expunge the child's suspension from his student record. As a result of this incident, however, the child has suffered severe emotional distress manifested in physical symptoms, including anxiety, sleep deprivation, weight gain, and posttraumatic stress.

 After presenting his claim in writing to the superintendent, the child brought this action against the Cambridge Public Schools. It includes counts for negligent infliction of emotional distress, discrimination on the basis of race, discrimination on the basis of sex, and denial of the child's due process rights.

 The city sought to dismiss the complaint. Its motion was denied. Under the doctrine of present execution, it has appealed only the failure to dismiss the negligent infliction of emotional distress count on the basis of lack of adequate presentment under G. L. c. 258, § 4. The city agrees that the other three counts remain properly pending in the trial court.

 Discussion. 1. The plaintiff complied with the plain language of the statute. The Massachusetts Tort Claims Act (MTCA or Act) provides in relevant part: 

"Public employers shall be liable for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any public employee while acting within the scope of his office or employment, in the same manner and to the same extent as a private individual under like circumstances . . . ."

G. L. c. 258, § 2. "Public employer" is carefully defined to include not only cities, but also "any department" of "any . . . city." Id. 

 Page 493 

Under the plain language of the statute, the Cambridge Public Schools, formally the Department of Public Schools of the City of Cambridge, the named defendant in this action, thus is a "public employer" subject to suit for tort under the Act.

 As a precondition to bringing a civil action for damages under the Act against a public employer, a plaintiff must "have first presented his claim in writing to the executive officer of such public employer within two years after the date upon which the cause of action arose." G. L. c. 258, § 4. The statute defines "executive officer." G. L. c. 258, § 1. That definition names specific officials for certain public employers, so that official is the "executive officer" who must be presented with a claim before that public employers may be sued. For example, it lists "the secretary of an executive office of the commonwealth," "the mayor of a city, or as designated by the charter of the city," and "the county commissioners of a county." Id. For any public employer not listed -- and city departments are not -- the executive officer is "the nominal chief executive officer or board." Id. 

 In the case of the Department of Public Schools of the City of Cambridge, the nominal chief executive officer is the superintendent of public schools. This has been true since the adoption of the Massachusetts Education Reform Act in 1993, see St. 1993, c. 71, under which "[a] superintendent employed under this section or section sixty or sixty-three shall manage the system in a fashion consistent with state law and the policy determinations of that school committee." G. L. c. 71, § 59. That statute transferred from school committees to superintendents the power to hire and fire principals and school department administrators. See G. L. c. 71, § 59.

 If further evidence of this were needed, and it is not, the contracts under which superintendents are hired in Cambridge, which are a matter of public record that are "informative and readily accessible" online and of which we thus could take judicial notice, see City Council of Springfield v. Mayor of Springfield, 489 Mass. 184, 190 n.6 (2022); Schaer v. Brandeis Univ., 432 Mass. 474, 477 (2000), state that the superintendent "shall serve as the Chief Education Officer and Chief Executive Officer of the School District, as provided in G. L. c. 71, § 59." See Employment Agreement Between the Cambridge Public Schools and Kenneth Salim 2019-2022, 

https://cdn5-ss5.sharpschool.com/UserFiles/Servers/Server_3042785/File/departments/administration/superintendent/Superintendent_Salim_2019-2022_Contract.pdf [https://perma.cc/5NE9-8WUU] 

 Page 494 

(2019 contract of superintendent to whom presentment was made); Employment Agreement Between the Cambridge Public Schools and Victoria Greer 2021-2022, https://cdn5-ss5.sharpschool.com/UserFiles/Servers/Server_3042785/File/school_committee/DrGreer_EmploymentAgreement_2021.pdf [https://perma.cc/JZ5V-TGQK] (2022 superintendent's contract containing same language). The fact that the superintendent is hired by the school committee, noted by the court majority, see ante at 487, and that the city is his "public employer," id., is irrelevant to this case. The question here is whether the superintendent is the executive officer of the public employer that was sued, the Department of Public Schools of the City of Cambridge.

 That is precisely the officer to whom the child presented his claim before suing the Cambridge Public Schools. And because this was proper under the clear language of the statute, the tort count should be allowed to proceed along with the rest of the lawsuit.

 2. The defendant's position has no merit. Of course, had the child sued the city of Cambridge, presentment to the superintendent would have been inadequate. This is obvious, and the Supreme Judicial Court has held it to be so. See Holahan v. Medford, 394 Mass. 186, 188-189 (1985).

 The defendant asks us to apply Holahan to this case. The defendant's entire argument is premised on its assertion that "the Defendant-Appellant in this case is the City of Cambridge . . . because the Cambridge School Department (referred to as Cambridge Public Schools) is not a separate legal entity, and therefore is not subject to suit."

 But this is incorrect. To begin with, as described, the Act itself specifically designates departments of cities as public employers and subjects them to suit. Further, city school departments are sued in State and Federal courts routinely. See, e.g., American Fed'n of State, County, & Mun. Employees, Council 93 v. School Dep't of Burlington, 462 Mass. 1009 (2012); Ciccarelli v. School Dep't of Lowell, 70 Mass. App. Ct. 787 (2007); Stonkus v. Brockton Sch. Dep't, 322 F.3d 97 (1st Cir. 2003); Demers v. Leominster Sch. Dep't, 263 F. Supp. 2d 195 (D. Mass. 2003). And indeed, three counts of the complaint in this matter remain properly pending in the trial court. 

 The defendant notes that "[i]t is conventional learning that a municipal department is not permitted to bring suit for the [municipality] without specific authorization from the [municipality] . . . unless, indeed, there is governing legislation conferring 

 Page 495 

the power on the department," quoting Board of Pub. Works of Wellesley v. Selectmen of Wellesley, 377 Mass. 621, 624 (1979). But as the defendant also notes -- and putting to one side that the rule applies to suits purportedly on behalf of the entire municipality -- the purpose of this rule is "to prevent confusion or conflict in the direction and management of municipal litigation." Id. at 624. It has nothing to do with whether a municipal department can be a proper defendant in a lawsuit.

 The majority today agrees with the defendant and holds that the "Cambridge Public Schools is not a legal entity wholly separate from the city, as it ultimately falls under the general supervision and control of the city manager." Ante at 486. It then says, "The plaintiff's suit against an individual city department, i.e., the Cambridge Public Schools, is a suit against the city itself," for which it cites only an inapposite United States Supreme Court decision that concluded in a particular action under 42 U.S.C. § 1983 that a plaintiff who "asserted [a claim] against the office of 'Director of Police, City of Memphis,'" was "claiming a right to recover damages from the city of Memphis." Brandon v. Holt, 469 U.S. 464, 471-472 (1985), cited ante at 486-487.

 None of this is relevant, since the MTCA allows suit against a city department so long as its executive officer has been timely presented with the claim in writing as he was in this case. The majority's holding effectively eliminates that part of the MTCA. That holding also raises serious concerns about what its unanticipated and unexplored consequences will be. The Legislature has given certain powers to superintendents, including the power to hire and fire personnel. In what way are we saying a superintendent of schools is under a city manager's supervision and control, and under what authority? And what will be the consequences for the many plaintiffs who sue school departments under State and Federal law for legal and equitable relief, and for their substantive rights, of our holding that school departments are not "legal entities" and that suits against them are merely suits against "the city itself?" 

 We need not and should not get into any of this. The plaintiff child made presentment upon a proper official under the plain language of the Act. His tort count should be allowed to proceed. Consequently, I respectfully dissent.

FOOTNOTES
[Note 1] The principal informed the plaintiff's father that the suspension was the result not of the incident involving the naked photographs, but rather a different incident, in which some female students allegedly overheard some of their male classmates saying they wanted to "have sex with girls in their class." 

[Note 2] The defendant appeals from the denial of the motion to dismiss only as to count I of the complaint, i.e., the claim for negligent infliction of emotional distress. The remaining discrimination and due process claims are not a subject of this appeal. 

[Note 3] We may take judicial notice of the city's municipal charter. See City Council of Springfield v. Mayor of Springfield, 489 Mass. 184, 190 n.6 (2022). 

[Note 4] None of the cases cited by the dissent, which arguably stand for the proposition that the Cambridge Public Schools may be sued separate from the city, involves claims arising under the MTCA. See American Fed'n of State, County, & Mun. Employees, Council 93 v. School Dep't of Burlington, 462 Mass. 1009 (2012); Ciccarelli v. School Dep't of Lowell, 70 Mass. App. Ct. 787 (2007). See also Stonkus v. Brockton Sch. Dep't, 322 F.3d 97 (1st Cir. 2003); Demers v. Leominster Sch. Dep't, 263 F. Supp. 2d 195 (D. Mass. 2003). In Ciccarelli, supra at 788, a plaintiff brought suit against the city of Lowell school department for unlawful retaliation, pursuant to G. L. c. 151B, § 4 (4), in response to the appearance of the plaintiff's name on a witness list in a Massachusetts Commission Against Discrimination complaint filed by another individual against the school department for unlawful discrimination. In Ciccarelli, we consistently referred to the defendant as "the city," which supports our conclusion here that the Cambridge Public Schools and the city are parties are, in legal effect, the same. See id. See also Chicago, Rock Island & Pac. Ry. Co., 270 U.S. 611, 620 (1926). 

[Note 5] The dissent states that the consequence of our holding would be to eliminate a plaintiff's ability to sue a city department under the MTCA. Post at 495. However, nothing in our holding eliminates a city department from being held liable for its tortious conduct under the MTCA. Instead, we merely emphasize the long-standing requirement of strict compliance with the presentment requirements of G. L. c. 258, § 4. See Drake, 484 Mass. at 199, 201 (plaintiff's failure to strictly comply with presentment is fatal to complaint). 

[Note 6] The dissent makes much of the superintendent being named the chief executive officer in his employment contract, albeit for the unrelated purpose of school administration. The record, however, is entirely devoid of any evidence that the superintendent possessed the requisite authority to properly "investigate the circumstances surrounding [the plaintiff's] claim . . . to determine whether an offer of settlement should be made." Weaver v. Commonwealth, 387 Mass. 43, 47 (1982). Without such authority, the dissent's view thwarts the ultimate purpose of the presentment requirements of G. L. c. 258, § 4. See Garcia v. Essex County Sheriff's Dep't, 65 Mass. App. Ct. 104, 107 (2005) (purpose of presentment requirement "is to provide notice to the highest-ranking official with the ability to fully investigate, 'arbitrate, compromise or settle'" plaintiff's claim [citation omitted]). 

[Note 7] The dissent takes judicial notice of the superintendent's employment contract, claiming it to be a matter of public record. See Schaer v. Brandeis Univ., 432 Mass. 474, 477 (2000) ("In evaluating a rule 12 [b] [6] motion, we take into consideration the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account" [quotation and citation omitted]). We do not think it is clear that the contract, which is readily accessible on the city's website but which has not been authenticated, is a document "whose accuracy cannot reasonably be questioned." See Mass. G. Evid. § 201(b)(2) (2022). We need not decide this, however, because the superintendent's employment contract relied on by the dissent was effective October 1, 2019. See Employment Agreement Between the Cambridge Public Schools and Kenneth Salim 2019-2022, https://cdn5-ss5.sharpschool.com/UserFiles/Servers/Server_3042785/File/departments/administration/superintendent/Superintendent_Salim_2019-2022_Contract.pdf [https://perma.cc/5NE9-8WUU]. However, the events that gave rise to the plaintiff's claims took place in December of 2017, which removes any relevance the 2019 contract may have had. 

[Note 8] Even if we were to look at the language of the superintendent's employment contract, it does not support the dissent's position. Pursuant to the contract, under the title "Indemnification," the school committee agrees to indemnify the superintendent for all claims arising under G. L. c. 258, both in the superintendent's individual capacity, and his "official capacity as an agent and officer of the [School] Committee" (emphasis added). See Employment Agreement Between the Cambridge Public Schools and Kenneth Salim 2019-2022, supra. Thus, the contract language does not, as the dissent would imply, support the position that the superintendent was the chief executive officer of Cambridge Public Schools, but rather only an officer of the school committee. 

 
 Home/Search 
 Table of Cases by Citation
 Table of Cases by Name 
 

 Commonwealth of Massachusetts. Trial Court Law Libraries. Questions about legal information? Contact Reference Librarians.