NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-814

MARK D. NELSON

vs.

BANK OF AMERICA & another.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Mark Nelson, appeals from a judgment of the Superior Court that entered pursuant to an order denying his motion for summary judgment and granting the motion for summary judgment of defendant town of Wilmington (town).[2] We affirm.

Background. The following facts are undisputed. The history of this dispute traces back to the 1990s, when Nelson's parents acquired certain parcels of land in the town with the intention of building several single-family homes. A definitive subdivision plan (plan) subjected the development to certain

_____

[1] Town of Wilmington. To the extent Nelson sued the "Administration of the Town of Wilmington" as an additional defendant, it is not a separate entity from the town. See Doe v. Cambridge Pub. Sch., 101 Mass. App. Ct. 482, 486-487 (2022).

[2] Nelson's claims against the bank were resolved on motions by the bank to deposit funds pursuant to Mass. R. Civ. P. 67, 365 Mass. 835 (1974), and for separate and final judgment pursuant to Mass. R. Civ. P. 54 (b), 365 Mass. 820 (1974).

conditions.  The conditions stated that modifications to the plan needed to be approved by the planning board and that surety would be required prior to the sale or construction of any property.  The plan also contained two special conditions:  the provision of (1) turnarounds "at end of Polk and Poplar Streets in accordance with acceptable design standards of the Town Engineer" and (2) sidewalks "on the southerly side of Walnut Street and on one side of Poplar and Polk Streets" designed and constructed "in conformance with subdivision rules and regulations."  In accordance with G. L. c. 41, § 81U, the developer executed and recorded a "FORM H-Covenant to Secure the Construction of Ways and the Installation of Municipal Services" for the approved plan.

In 1997, 2001, and 2003, three properties were released for sale and construction in exchange for surety in the amount of $24,900, $24,835, and $33,593, respectively, as permitted by G. L. c. 41, § 81U.  Where over the years the developer has complied with the public improvement requirements agreed on in the plan, the town has released escrow funds.  There remains $46,380 in surety, funded by the 2001 and 2003 payments.  Nelson admits that neither the turnaround nor the sidewalks were ever constructed.

The parties cross-moved for summary judgment on Nelson's claim of breach of the implied covenant of good faith and fair dealing.[3]

Discussion. "Summary judgment is appropriate where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." Boazova v. Safety Ins. Co., 462 Mass. 346, 350 (2012). When "the opposing party will have the burden of proof at trial, the moving party must demonstrate, by reference to materials properly in the summary judgment record, unmet by countervailing materials, 'that the party opposing the motion has no reasonable expectation of proving an essential element of that party's case.'" Carey v. New England Organ Bank, 446 Mass. 270, 278 (2006), quoting Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). "We review a decision to grant summary judgment de novo." Boazova, supra.

The only issue before us is whether Nelson has raised a genuine issue of material fact that the town breached the covenant of good faith and fair dealing where it has not released surety funds and repeatedly denied Nelson's applications to modify the conditions on the subdivision. "Every contract implies good faith and fair dealing between the

---

[3] Nelson alleged six other causes of action, all of which were dismissed on motion of the defendant.

3

parties to it." Anthony's Pier Four, Inc. v. HBC Assocs., 411 Mass. 451, 471 (1991), quoting Warners Ins. Co. v. Commissioner of Ins., 406 Mass. 354, 362 n.9 (1990). The covenant does not "create rights and duties not otherwise provided for in the existing contractual relationship." Uno Restaurants, Inc. v. Boston Kenmore Realty Corp., 441 Mass. 376, 385 (2004). "The scope of the covenant is only as broad as the contract that governs the particular relationship." Ayash v. Dana-Farber Cancer Inst., 443 Mass. 367, 385 (2005).

To the extent a contract exists between Nelson and the town,[4] it is governed by the surety covenants and the detailed plan. Those documents, even viewed in the light most favorable to Nelson, establish that the surety funds were proffered in exchange for the release from restrictive easements on the development land held by the town. Those funds were held to ensure that Nelson complied with the conditions enumerated in the plan, including the construction of a turnaround and sidewalks on the subject parcels. By his own admission, Nelson has failed to meet those conditions. The town thus cannot be in breach of any implied covenant of good faith and fair dealing by not releasing the funds.

_____

[4] The town challenges Nelson's standing to receive funds deposited by his parents. Because we affirm the judgment granting the town's cross motion for summary judgment, we do not reach the issue.

4

Nelson further argues that he was not required to file an application to amend the plan and the application process is impracticable. That argument is not properly before us. Again, in any event, the argument lacks merit. The record, including prior adjudications in the Land Court, establishes that the parcels at issue were subject to conditions imposed by the plan. This encompasses a requirement that the developer appeal to the planning board in order to modify conditions. Though Nelson contends that the planning board has thus far frustrated his attempts at completing the application process, records submitted by the town show that he has yet to submit a complete application on which the town could act. Should Nelson wish to recover the surety funds without building the required improvements, he may seek relief through the amendment process of the planning board.[5]

<u>Judgment affirmed</u>.

By the Court (Milkey, Henry & Desmond, JJ.[6]),

*Anne M. Thomas*

Assistant Clerk

Entered: March 28, 2024.

---

[5] To the extent that the passing references in the parties' briefs to "damages and court costs" and "costs and fees" constitute requests for an award, the requests are denied.

[6] The panelists are listed in order of seniority.

5