NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-313

AMERICAN GRAPHICS INSTITUTE, LLC

vs.

NOBLE DESKTOP NYC, LLC, & another.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, American Graphics Institute, LLC (AGI), appeals from a judgment of the Superior Court confirming, and denying a petition to vacate or modify, an arbitration award in favor of defendants Noble Desktop NYC, LLC (Noble), and its owner, Mourad Kattan. AGI argues that the judge should have vacated the award because the arbitrator acted beyond her authority when she found AGI to have breached the parties' agreement and assessed the value of damages. AGI further argues that the judge erred in awarding Noble attorney's fees. We affirm.

Background. We summarize the facts found by the arbitrator. Both AGI and Noble are schools that provide

_____

[1] Mourad Kattan.

professional development training relating to various computer applications and programs.  Noble is licensed in New York and run by Kattan.  AGI is licensed in Massachusetts and run by its principals, Christopher Smith and Jennifer Smith.

On May 1, 2020, the parties entered into an agreement under which AGI agreed to sell to Noble certain assets defined in that agreement as AGI's "New York Business."  Among the terms of the agreement were section 4.1, requiring AGI to "use commercially reasonable efforts to transition" the New York Business to Noble by "no later than June 1, 2020"; section 4.4, constraining AGI until March 31, 2029, from competing with Noble by engaging in any business in New York similar to that of Noble; and section 4.5, forbidding AGI from soliciting Noble's New York customers. Also among the terms of the agreement was section 6.3, providing that any dispute arising from certain provisions of the agreement including section 4.1 would be resolved by arbitration, and "[t]he decision and award of the arbitrator shall be final and binding on the parties and shall not be subject to appeal."

Between May and December 2020, Noble and Kattan took steps to transition to Noble the New York Business it was purchasing from AGI.  In contrast, AGI resisted and obstructed the transition of the New York Business.

2

On December 1, 2020, Noble filed an action in a New York trial court alleging that AGI had breached the noncompete (section 4.4) and nonsolicitation (section 4.5) provisions of the agreement.[2] On February 8, 2021, that court entered a preliminary injunction restraining AGI from running any classes in New York, running any advertisements on its website marketing classes or services in New York, or further breaching the noncompete provision of the agreement. After entry of the injunction, AGI did nothing more to direct its New York Business to Noble. Instead, on February 9, 2021, AGI removed from its website the New York category pages where Noble's courses were listed, and removed all sixty of Noble's design courses, redirecting potential customers to general category pages where only AGI courses were listed.

Noble brought this arbitration claim, alleging that AGI had breached section 4.1 of the agreement, which required AGI to "use commercially reasonable efforts to transition" the New York Business to Noble. The arbitrator found that when AGI removed from its website all references to AGI's courses available in New York, "these actions destroyed the value of Noble's purchase of the New York Business," and constituted a breach of section

_____

[2] Under section 6.3(a) of the agreement, breaches of sections 4.4 and 4.5 were not required to be resolved by arbitration.

3

4.1.  The arbitrator further concluded that "a fair measure of damages is to look to the market value of the New York Business as of the date of the breach," which she determined "is no earlier than February 9, 2021," the date that AGI removed Noble's courses from AGI's website.  The arbitrator assessed the value of the New York Business on that date at $350,000.  To this amount the arbitrator added "an admittedly arbitrary, but highly conservative, compensation figure of $50,000, for Kattan's efforts to make the deal work for the period May through December 2020."

AGI sought review of the award in Superior Court pursuant to G. L. c. 251, § 12.  On the parties' cross motions, the judge confirmed the arbitration award and allowed Noble's motion for interest, costs, and attorney's fees.  This appeal ensued.

Discussion.  1.  Confirmation of arbitration award.  AGI argues that the Superior Court judge erred in confirming the arbitration award because the arbitrator exceeded her powers, G. L. c. 251, § 12 (a) (3), when she (1) concluded that AGI's removing Noble's courses from its website breached the parties' agreement, (2) assessed the value of the New York Business at $350,000, and (3) awarded Noble $50,000 to compensate for Kattan's time.

"We review the trial [court] judge's decision to uphold the arbitration award de novo, but our examination of the underlying

4

award is informed by the 'strong public policy favoring arbitration'" (citation omitted). Pittsfield v. Local 447 Int'l Bhd. of Police Officers, 480 Mass. 634, 637 (2018). "Indeed, an arbitration award carries a presumption of propriety because it is the arbitrator's judgment, not necessarily an objectively correct answer, for which the parties have bargained." Id. at 638, citing United Steelworkers of Am. v. American Mfg. Co., 363 U.S. 564, 568 (1960). "[T]he powers of the arbitrator . . . are wide and the scope of judicial review of the arbitration proceedings is narrow." Katz, Nannis & Solomon, P.C. v. Levine, 473 Mass. 784, 793 (2016), quoting Grobet File Co. of Am. v. RTC Sys., Inc., 26 Mass. App. Ct. 132, 135 (1988). A court will "uphold an arbitrator's decision even where it is wrong on the facts or the law, and whether it is wise or foolish, clear or ambiguous" (citation omitted). Pittsfield, supra at 638.

As the judge noted, the arbitrator, a retired Federal trial judge, conducted a five-day hearing at which she considered 248 exhibits and heard the testimony of witnesses, based on which she issued a ninety-three-page decision. Even if the arbitrator's decision was "wrong on the facts or law," or "foolish" or "ambiguous," Pittsfield, 480 Mass. at 638, that would not be grounds to vacate it. AGI nonetheless argues that the decision should be vacated because "the arbitrator[]

5

exceeded [her] powers," G. L. c. 251, § 12 (a) (3).  We are not persuaded.

a.  AGI's removal of New York courses from its website. AGI argues that the arbitrator exceeded her powers by finding that AGI breached of section 4.1 of the agreement, because any breach by AGI was predicated on actions AGI took to comply with the New York court's injunction.  The argument is unavailing.

The arbitrator found that the intangible assets that Noble contracted to purchase included access to and use of AGI's website, and access to AGI's Google Analytics account used to track traffic to AGI's website.  The arbitrator credited the testimony of special master Gordon Cormack that AGI's website had been altered beginning on February 8, 2021, to stop capturing any data on traffic to its New York pages.  The arbitrator found that AGI's removing the categories of New York courses from its website "destroyed the value of Noble's purchase of the New York Business."  Although AGI was required to comply with the New York injunction, nothing in that injunction required AGI to comply in this manner.  Rather, AGI could have complied by continuing to list Noble's classes and ceasing to market them as AGI classes.  Finding those facts and applying the terms of the parties' agreement to the facts was plainly within the powers of the arbitrator.  See Katz, Nannis & Solomon, P.C., 473 Mass. at 796-797.  AGI "presents nothing more

6

than a dispute over a question of fact that is not reviewable by this court."  Id. at 797.  See American Fed'n of State, County, and Mun. Employees, Council 93, AFL-CIO v. School Dep't of Burlington, 462 Mass. 1009, 1010 (2012).[3]

b.  Arbitrator's assessment of value of New York Business. AGI argues that the arbitrator acted in "manifest disregard of the law" when she valued the New York Business at $350,000.  The Superior Court judge noted that the arbitrator followed the valuation method endorsed by the court in Schonfeld v. Hilliard, 218 F.3d 164, 176 (2d Cir. 2000).  Once again, the arbitrator's findings on that issue were squarely within her purview.  See Katz, Nannis & Solomon, P.C., 473 Mass. at 796-797.

c.  Award of $50,000 for Kattan's time.  AGI argues that the arbitrator exceeded her powers in awarding $50,000 as "an admittedly arbitrary, but highly conservative" amount to compensate Noble for the time that Kattan spent.  Focusing on the arbitrator's use of the word "arbitrary," AGI argues that the word choice demonstrates that the arbitrator's assessment of

---

[3] AGI misplaces its reliance on the opinion of this court in that case, American Fed'n of State, County, and Mun. Employees, Council 93, AFL-CIO v. School Dep't of Burlington, 78 Mass. App. Ct. 511 (2011).  We are bound to follow the Supreme Judicial Court's subsequent opinion on further appellate review, which declared that an "argument that there was no evidence in the record to support the arbitrator's finding . . . falls short of th[e] deferential standard" under which arbitration awards are reviewed.  American Fed'n of State, County, and Mun. Employees, Council 93, AFL-CIO, 462 Mass. at 1010.

those damages exceeded her powers.  Kattan testified at length about the efforts he made throughout the period from May to December 2020 to comply on Noble's behalf with section 4.1 of the parties' agreement.  It was certainly within the arbitrator's powers to set a value on Kattan's time.

2. Award of Superior Court attorney's fees.  AGI argues that the Superior Court judge erred in awarding $19,050 in attorney's fees to Noble.  Section 6.3(b) of the agreement provides that "[a]ny party unsuccessfully refusing to comply with an order of the arbitrator shall be liable for costs . . . and attorney's fees" (emphasis added).  We discern no error of law or abuse of discretion in the Superior Court judge's awarding Noble attorney's fees under that section.  See Massachusetts Highway Dep't v. Perini Corp., 79 Mass. App. Ct. 430, 435 (2011) ("[i]t should be the rule, rather than the exception, that when arbitrators hand down an award the parties will comply with it, without the necessity of court proceedings, just as it is (or should be) the normal or usual result that parties comply with a judgment, without the necessity of resort to process or appeal" [quotation and citation omitted]).

3. Appellate attorney's fees.  Noble has requested that this court award it attorney's fees and double costs incurred in

8

defending this appeal, pursuant to Mass. R. A. P. 25, as appearing in 481 Mass. 1654 (2019).[4]

Given the language of the parties' agreement and the case law construing G. L. c. 251, §§ 11 & 12, AGI "could not have had a reasonable expectation" that the confirmation of the arbitration award would be reversed on appeal. Love v. Pratt, 64 Mass. App. Ct. 454, 459 (2005). In its appeal AGI essentially sought to second-guess the factual findings and assessment of damages in the decision of the arbitrator, which the parties had agreed "shall be final and binding . . . and shall not be subject to appeal." We conclude that the appeal was frivolous. See Avery v. Steele, 414 Mass. 450, 456 (1993). Consistent with the requirements of Fabre v. Walton, 441 Mass. 9, 10 (2004), Noble may file a request for its costs, along with supporting documentation, within fourteen days of the issuance

---

[4] Noble does not ask that we award appellate attorney's fees under section 6.3(b) of the agreement, and so we do not consider that issue.

9

of the decision in this case.  AGI shall have fourteen days thereafter within which to respond.

<u>Judgment affirmed</u>.

By the Court (Rubin,
  Ditkoff & Grant, JJ.[5]),

Assistant Clerk

Entered:  May 3, 2024.

---

[5] The panelists are listed in order of seniority.